[Cite as *Hill v. Hill*, 2016-Ohio-910.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ERIN HILL

    Appellant

    v.

DAVID HILL

    Appellee

C.A. No.      27915

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2014-04-0928

DECISION AND JOURNAL ENTRY

Dated: March 9, 2016

---

SCHAFER, Judge.

{¶1} Appellant, Erin Hill ("Mother"), appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, increasing her child support obligation and denying her request for a contempt finding against Appellee, David Hill ("Father"), for interference with her parenting time. For the reasons that follow, we affirm the trial court's judgment.

I.

{¶2} The parties have one minor child together, M.H. As part of their divorce decree, the parties entered into a shared parenting agreement whereby each parent was designated the legal custodian and residential parent. Father was designated the residential parent for school purposes. Mother was given parenting time on alternating weekends and Wednesday evenings and the agreement required that "transportation shall be borne by the parent obtaining the child from the other parent." The parties' divorce decree also included the parties' agreement to

deviate child support to zero "because of the time for which each of them has sole responsibility for the child's needs and the direct payment of his[] expenses." Additionally, the decree required the parties to share the fees for M.H.'s extracurricular activities and other school expenses "equally/in the proportions upon which they agree."

{¶3} Approximately three months after the decree's issuance, Father moved to modify support on the basis that "Mother does not see the child nor pay for any extracurricular activities, fe[e]s and school costs[.]" Mother responded with a motion to find Father in contempt for interfering with her parenting time. After an evidentiary hearing, a magistrate issued a decision recommending the modification of child support to $298.50 per month plus two percent processing and the denying of Mother's contempt motion. The basis for the magistrate's recommendation to deny the contempt motion was as follows:

> The shared parenting plan states that the party receiving the child shall provide transportation. In this case, Mother has not showed up consistently at Father's residence to pick up the child and been refused parenting time. Because the onus is on Mother to pick up the child for her parenting time, the Court cannot find Father in contempt at this time.

Mother objected to the magistrate's decision, but the trial court overruled the objections and adopted the magistrate's decision as a court order. In regard to the child support modification, the trial court found that Mother's failure to exercise her parenting time and failure to pay for extracurricular activities constituted a change in circumstances. Mother subsequently filed this timely appeal, which presents two assignments of error for our review.

II.

**Assignment of Error I**

**The trial court abused its discretion in failing to find Father in contempt for interference with visitation.**

{¶4} In her first assignment of error, Mother argues that the trial court erred by denying her contempt motion. Specifically, she contends that the evidence supports a contempt finding because it reflects that Father has failed to facilitate the exercise of her parenting time. We disagree.

{¶5} We review a trial court's decision in contempt proceedings for an abuse of discretion. *Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 12. An abuse of discretion is more than an error of judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, we may not simply substitute our own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶6} "To establish contempt, the moving party must 'establish a valid court order, knowledge of the order by the defendant, and a violation of the order.'" *Henry* at ¶ 12, quoting *State v. Komadina*, 9th Dist. Lorain No. 03CA008325, 2004-Ohio-4962, ¶ 11. Civil contempt requires proof by clear and convincing evidence. *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 11. "Clear and convincing evidence is that measure or degree of proof which is more certain than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶7} The trial court denied Mother's contempt motion because it found that she failed to pick M.H. up on the days she was given parenting time, as was required by the parties' shared parenting agreement. The record supports this finding as Father testified that Mother failed to appear at his residence on any day for her established parenting time so that she could pick M.H.

up. In light of this, we cannot determine that the record demonstrates that Father violated the divorce decree's provision for Mother's parenting time by withholding M.H. or preventing Mother from exercising her parenting time. *Compare Schwarzentraub v. Schwarzentraub*, 6th Dist. Huron No. H-09-012, 2010-Ohio-472, ¶ 6-7 (affirming contempt finding for interference with visitation time where custodial parent did not make children available for pickup on required date in visitation order and where custodial parent came a day early to pick children up). Indeed, Mother never offered any contradictory evidence in the trial court on this point and on appeal, she has not challenged the trial court's finding. As a result, Mother has left the trial court's finding in support of its judgment undisturbed and has consequently failed to carry her burden of showing that the trial court abused its discretion in denying her contempt motion. *See State v. Cartwright*, 12th Dist. Preble No. CA2012-03-003, 2013-Ohio-2156, ¶ 28 (determining that the appellant failed to establish reversible error since he only challenged one of the findings that support the trial court's decision and left the other finding undisturbed); *In re P.T.*, 9th Dist. Summit No. 24207, 2008-Ohio-4690, ¶ 17 ("Because Mother has not disputed that the court's finding under R.C. 2151.414(E)(11) was supported by evidence presented at the permanent custody hearing and was sufficient to support the court's finding on the first prong of the permanent custody test, she cannot demonstrate prejudicial error.").

{¶8} Accordingly, we overrule Mother's first assignment of error.

### Assignment of Error II

**The trial court abused its discretion in finding that Father met his burden of proof for a modification in child support.**

{¶9} In her second assignment of error, Mother argues that the trial court abused its discretion by modifying her support obligation. We disagree.

**{¶10}** Trial courts are vested with broad discretion when deciding whether to modify an existing child support order. *Adams v. Adams*, 3d Dist. Union No. 14-13-01, 2013-Ohio-2947, ¶ 15 ("*Adams II*"). Consequently, "[w]e review a trial court's modification of a child support order for an abuse of discretion." *Batcher v. Pierce*, 9th Dist. Summit Nos. 27415, 27497, 2015-Ohio-2130, ¶ 16. When conducting our review, we are mindful that Father, as the moving party, had the burden of proof to show the basis for a modification in this matter. *Sterns v. Sterns*, 9th Dist. Summit No. 27427, 2015-Ohio-3866, ¶ 7.

**{¶11}** R.C. 3119.79 controls the modification of child support orders and it relevantly provides as follows:

> (A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstances substantial enough to require a modification of the child support amount.
>
> * * *
>
> (C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support be paid under the child support order to comply with the schedule and applicable worksheet throughout the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code.

Reading these provisions in conjunction, we have previously determined that "in a case where the parties have previously agreed to a deviation in the amount of child support, the moving party must prove more than the existence of a ten percent deviation to demonstrate the required substantial change of circumstances." *Sifferlin v. Sifferlin*, 9th Dist. Summit No. 27169, 2014-Ohio-5645, ¶ 14; *see also Adams II* at ¶ 16 ("We have previously found that where the original child support order resulted from the parties' voluntary agreement, 'R.C. 3119.79(A) must be read in conjunction with R.C. 3119.79(C)' to appropriately determine whether a modification of the order is proper"), quoting *Adams v. Adams*, 3d Dist. Union No. 14-12-03, 2012-Ohio-5131, ¶ 24. In such a case, the moving party must also "prove that [the] change of circumstances was not contemplated by the parties when they agreed to the prior deviation." *Sifferlin* at ¶ 14.

**{¶12}** Here, since the original child support order was zero and the trial court recalculated support under the new guideline worksheet as $298.50 plus two percent processing, it was not an abuse of discretion for the trial court to find that Father carried his burden to show that there was a 10 percent change. *See id.* ("It is axiomatic that any recalculation of child support pursuant to the worksheet and schedule would result in a greater than ten percent difference where the prior support obligation was zero dollars."). But, this is not the end of our inquiry as the original support order resulted from the parties' agreement to deviate to zero based on "the time for which each [party] has sole responsibility for the child's needs and the direct payment of his[] expenses." Accordingly, Father had to also prove that there was a change in circumstances not contemplated at the time of the decree's issuance that supported the modification of the zero order.

**{¶13}** The trial court found that because Mother has neither exercised her parenting time nor paid her required share of M.H.'s extracurricular and school fees, there was a change of

circumstances supporting a modification. The record supports this finding. As discussed above, since the issuance of the decree, Mother had only exercised her parenting time once, on Mother's Day. Rather than the contemplated alternating weekends and every Wednesday, Mother has never appeared at Father's residence to pick up M.H. and exercise her parenting time at those times. Moreover, instead of paying the contemplated half of the fees for M.H.'s extracurricular activities and school, Mother acknowledged that she did not pay as required, except for one school fee, because there was a lack of communication between the parties. In light of this evidence, we cannot discern an abuse of discretion in the trial court's determination that there was a change of circumstances uncontemplated at the issuance of the support order. *See Adams* at ¶ 17 ("[A] substantial change of circumstances typically exists where * * * the allocation of parenting time has changed."); *Melick v. Melick*, 9th Dist. Summit No. 26488, 2013-Ohio-1418, ¶ 17 (affirming trial court's determination that a substantial change in circumstances supported modification of child support order because obligor had "less frequent visitation" with the child and the obligee experienced higher child care costs).

{¶14} In sum, the trial court did not abuse its discretion in determining that Father carried his burden to show a 10 percent change in the amount of support and to demonstrate the existence of a change of circumstances that the parties did not contemplate at the time of the decree's issuance. As a result, we conclude that the trial court did not err by deciding to modify Mother's child support order. Accordingly, we overrule Mother's second assignment of error.

III.

{¶15} Having overruled both of Mother's assignments of error, we affirm the judgment of the Summit County Court of Common Pleas, Domestic Relations Division.

Judgment affirmed.

8

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
MCGRATH, J.
CONCUR.

(McGrath, J., sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

KRISTINE W. BEARD, Attorney at Law, for Appellant.

CHRISTINE D. FINAN, Attorney at Law, for Appellee.