[Cite as *Salmons v. Eubank*, 2017-Ohio-8985.]

STATE OF OHIO          )          IN THE COURT OF APPEALS
                       )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT       )

DANIEL J. SALMONS                    C.A. No.     28327

    Appellee

    v.                               APPEAL FROM JUDGMENT
                                     ENTERED IN THE
KIMBERLY A. EUBANK                   COURT OF COMMON PLEAS
                                     COUNTY OF SUMMIT, OHIO
    Appellant                        CASE No.     2010 08 2394

DECISION AND JOURNAL ENTRY

Dated: December 13, 2017

HENSAL, Presiding Judge.

{¶1}    Kimberly Eubank appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that sustained one of Daniel Salmons' objections to the decision of a magistrate and declined to modify the child support award in its decree of divorce. For the following reasons, this Court affirms.

I.

{¶2}    Mr. Salmons and Ms. Eubanks married in 2001 and divorced in 2012. According to their separation agreement, which was made part of the decree, the parties agreed that neither would pay the other child support. They indicated that their reasons for the deviation were the amount of time each parent would have with the children, each parent's contribution to the expenses of the children, and "[t]he percentage of each party's income to the combined incomes of the parties."

**{¶3}** In September 2013, Mother moved to modify the child support order, claiming that Father earned substantially more than she. Her motion proceeded to a hearing before a magistrate, who found that, under the child support guidelines, Father should be paying $1,021 a month in child support. Noting that the calculated amount was more than a ten percent change from the existing order, the magistrate recommended modifying the support order and suggested that Father pay $750 a month.

**{¶4}** Father objected to the magistrate's decision. Upon review, the trial court determined that, because the existing child support was zero, Mother had to show more than a ten percent change to establish that there had been a substantial change in circumstances. Instead, it concluded that she had to show that there had been a change in circumstances that was not contemplated by the parties when they agreed to the prior deviation. It found that, although Father's financial situation had improved since the decree, Mother's had as well.[1] It concluded that the record did not support that there was any change in circumstances that was not contemplated by the parties at the time they previously decided to deviate the child support amount. It, therefore, sustained one of Father's objections and dismissed the others as moot. Mother has appealed, assigning as error that the trial court abused its discretion when it determined that there had not been a significant change in circumstances.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN DETERMINING THAT APPELLANT FAILED TO SHOW THE EXISTENCE OF A SIGNIFICANT CHANGE OF CIRCUMSTANCES

---

[1] Mother's income at the time of the divorce was $15,184. At the time of her motion for modify child support, the trial court found that Mother was underemployed. It imputed $29,500 in income to her, which Mother has not contested on appeal.

NOT CONTEMPLATED BY THE PARTIES REGARDING HER REQUEST FOR MODIFICATION OF CHILD SUPPORT.

{¶5} Mother argues that the trial court abused its discretion when it declined to modify the child support award. In general, "a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997). This includes the decision whether to modify an existing child support order. *Hill v. Hill*, 9th Dist. Summit No. 27915, 2016-Ohio-910, ¶ 10. An abuse of discretion is more than an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). If the issue on appeal, however, "is whether the trial court correctly applied the child support statute, this Court employs a de novo standard of review." *Michaels v. Saunders*, 9th Dist. Lorain No. 14CA010604, 2015-Ohio-3172, ¶ 15. In addition, "an appellate court reviews the factual findings to support that award under a manifest-weight-of-the-evidence standard." *Havrilla v. Havrilla*, 9th Dist. Summit No. 27064, 2014-Ohio-2747, ¶ 13, quoting *Wallace v. Wallace*, 195 Ohio App.3d 314, 2011-Ohio-4487, ¶ 10 (9th Dist.).

{¶6} Mother has not contested that, to demonstrate a substantial change of circumstances under Revised Code Section 3119.79(A), she had to prove that the alleged change was not contemplated by her and Father when they agreed to the prior deviation in the child support award. *See Sifferlin v. Sifferlin*, 9th Dist. Summit No. 27169, 2014-Ohio-5645, ¶ 14. In their agreement, Mother and Father stated three factors that they considered in deciding to modify the child support award. Regarding the first two factors, Mother does not argue that the parties' parenting time has changed from the time of the decree or that both parties no longer contribute as equally to the expenses of the children.

**{¶7}** Regarding the third factor, Mother argues that a modification of the child support award is warranted because Father's income is $20,000 more than it was at the time of the decree. She argues that such an increase of income was not contemplated at the time of the divorce. According to the record, however, the parties did not agree to deviate to zero child support because of the amount of their respective incomes. The factor pertaining to their incomes was "[t]he percentage of each party's income to the combined income of the parties." Mother has not alleged that there has been any change with respect to that relationship, let alone establish that there has been a substantial change in the percentage that each parent contributes to their combined incomes. She, therefore, has not demonstrated that the trial court improperly determined that there had not been a substantial change in circumstances under Revised Code 3119.79(C) or that the court exercised improper discretion when it declined to modify the child support award. Mother's assignment of error is overruled.

### III.

**{¶8}** Ms. Eubank's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DAVID H. FERGUSON, Attorney at Law, for Appellant.

MORA LOWRY, Attorney at Law, for Appellee.

KENNETH L. GIBSON, Attorney at Law, for Appellee.