[Cite as *Mangen v. Mangen*, 2021-Ohio-3693.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| PATRICIA D. MANGEN | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29112 |
| v. | : | Trial Court Case No. 2010-DR-369 |
| DOUGLAS J. MANGEN | : | (Appeal from Domestic Relations Court) |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of October, 2021.

. . . . . . . . . . .

KEITH R. KEARNEY, Atty. Reg. No. 0003191, 40 North Main Street, Suite 2160, Dayton, Ohio 45423
    Attorney for Plaintiff-Appellee

MICHAEL J. DAVIS, Atty. Reg. No. 0046953, 8567 Mason Montgomery Road, Suite 33, P.O. Box 1025, Mason, Ohio 45040
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Douglas J. Mangen, appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, ordering an increase in his child support obligation. Because we find the trial court erred as a matter of law, we reverse and remand for further proceedings in accordance with this opinion.

## I.     Facts and Procedural Background

{¶ 2} Patricia D. and Douglas Mangen were divorced in January 2012. Relevant to this appeal, the parties entered into a shared parenting agreement which provided each party with equal parenting time with the parties' two minor children. Douglas was designated as the child support obligor and, by agreement, he was ordered to $290 per month per child.[1] At that time, Douglas's income was $119,000 per year and Patricia's annual income was $74,464.

{¶ 3} On June 8, 2020, the Child Support Enforcement Agency (CSEA) notified the parties' that their older child was eligible to be adjudicated as emancipated and of the right to present a challenge to this determination. The CSEA also notified the parties that it would conduct a hearing to review the remaining child support obligation and withholding order. The parties were notified to provide certain financial information for the hearing. The hearing was conducted on August 28, 2020; both parties testified and presented evidence. At the time of the hearing, Douglas's annual income was $144,583 and Patricia's was $89,595.

---

[1] This amount represented a downward deviation of $7,463 (52%) of Douglas's calculated child support obligation.

{¶ 4} On October 8, 2020, the magistrate issued a decision awarding a 10% downward deviation on Douglas's support obligation, which resulted in a child support payment of $935.38 per month.[2]  Douglas's objections were overruled by the trial court, and the court adopted the magistrate's calculation of the support obligation.  Douglas timely appeals.

## II.  Child Support Calculation Under R.C. 3119.24

{¶ 5} Douglas's first assignment of error states:

THE TRIAL COURT [ERRED] AS A MATTER OF LAW AND AS A MATTER

OF FACT IN THE MANNER AND METHOD IT CALCULATED FATHER'S

CHILD SUPPORT OBLIGATION.

{¶ 6} Douglas asserts that the trial court abused its discretion in its calculation of his child support obligation.  In support, he first argues there was no change in circumstances to support a modification.  He further asserts that he was entitled to a downward deviation of 52% because he had equal parenting time with the child.  Douglas also claims he makes significant in-kind contributions to the child's upkeep, which supported a downward deviation.  Finally, he claims Patricia has a second job, and thus has more income than she claimed at the support hearing, which rendered the child support worksheet invalid.

{¶ 7} We review child support decisions under an abuse of discretion standard.  *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).  The decision whether to deviate from the child support guidelines and worksheet is a discretionary matter and

---

[2] This amount included $20.51 for cash medical support and $18.34 for processing fees.

will not be reversed absent an abuse of discretion. *Hattenbach v. Watson*, 2d Dist. Montgomery No. 27071, 2016-Ohio-5648, ¶ 14, citing *Havens v. Havens*, 10th Dist. Franklin No. 11AP-708, 2012-Ohio-2867, ¶ 6. An abuse of discretion occurs when the trial court exhibits an attitude that is unreasonable, arbitrary, or unconscionable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 8} "[T]he amount of child support that would be payable under a child support order, as calculated pursuant to the basic child support schedule and applicable worksheet through the line establishing the actual annual obligation, is rebuttably presumed to be the correct amount of child support due." R.C. 3119.03. However, when a case involves shared parenting, R.C. 3119.24 permits a trial court to deviate from the guideline calculation if that amount "would be unjust or inappropriate to the children or either parent and therefore not in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code." "Extraordinary circumstances," as provided in R.C. 3119.24(B), include the following:

(1) The ability of each parent to maintain adequate housing for the children;

(2) Each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant;

(3) Any other circumstances the court considers relevant.

{¶ 9} The factors identified in R.C. 3119.23 include:

(A) Special and unusual needs of the child or children, including needs

arising from the physical or psychological condition of the child or children;

(B) Other court-ordered payments;

(C) Extended parenting time or extraordinary costs associated with parenting time, including extraordinary travel expenses when exchanging the child or children for parenting time;

(D) The financial resources and the earning ability of the child or children;

(E) The relative financial resources, including the disparity in income between parties or households, other assets, and the needs of each parent;

(F) The obligee's income, if the obligee's annual income is equal to or less than one hundred per cent of the federal poverty level;

(G) Benefits that either parent receives from remarriage or sharing living expenses with another person;

(H) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;

(I) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

(J) Extraordinary work-related expenses incurred by either parent;

(K) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

(L) The educational opportunities that would have been available to the child had the circumstances requiring a child support order not arisen;

(M) The responsibility of each parent for the support of others, including

support of a child or children with disabilities who are not subject to the support order;

(N) Post-secondary educational expenses paid for by a parent for the parent's own child or children, regardless of whether the child or children are emancipated;

(O) Costs incurred or reasonably anticipated to be incurred by the parents in compliance with court-ordered reunification efforts in child abuse, neglect, or dependency cases;

(P) Extraordinary child care costs required for the child or children that exceed the maximum state-wide average cost estimate as described in division (P)(1)(d) of section 3119.05 of the Revised Code, including extraordinary costs associated with caring for a child or children with specialized physical, psychological, or educational needs;

(Q) Any other relevant factor.

{¶ 10} Douglas correctly claims that while the magistrate found that a modification in child support was warranted due to a substantial change in circumstances, the magistrate's decision failed to specify the nature of that change. However, the trial court's decision addressed this issue upon Douglas's objections and noted that the income of the parties had substantially changed so as to warrant modification.

{¶ 11} When the amount of child support as recalculated on the worksheet is more than 10% greater than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount shall be considered by the court as a change of circumstance substantial enough to require a

modification of the child support amount. R.C. 3119.79(A). The trial court's judgment entry in this case demonstrates that it considered the deviation from the recalculated amount to be a substantial change of circumstance, although it did not describe it using that terminology.

{¶ 12} We agree with the trial court's conclusion. The prior child support order required Douglas to pay $290 per month per child as his support obligation. The new child support worksheet set the current yearly obligation at $10,758.41, or $896.53 per month. This amount was clearly more than 10% greater than the prior obligation. Even if the current obligation were calculated with a 52% downward deviation, the newly calculated obligation would be almost 50% greater than the $290 obligation set forth in the original decree of shared parenting. Based upon this record, we find no abuse of discretion in the trial court's finding of a substantial change in circumstances.

{¶ 13} Douglas next claims he discovered Patricia has a second job and earns more money per year than she disclosed to the court. However, the record does not contain any competent, credible evidence to support this claim, and thus, the court did not abuse its discretion in failing to give credit to this assertion.

{¶ 14} Douglas also contends that he was entitled to a deviation due to significant in-kind contributions he makes toward the child's upkeep. The trial court noted that the parties equally split the child's expenses. However, there was also competent evidence that both of the parties individually provide for the child. The court found that Douglas "occasionally allow[ed] [the minor child] to use his credit card to golf and buy lunch, amounting to approximately $100 per month." Additionally, the court noted that Douglas gifted a car to the child and that Douglas paid "the costs associated with the cars [sic]

general upkeep such as oil changes, tires and depreciation." But the evidence showed that the parties split the cost of insurance for the car. Also, there was evidence that Patricia paid for the child's phone bill and often paid for other items without requesting reimbursement from Douglas. The court found that "[t]hese additional costs balance one another out, and do not constitute in-kind contributions warranting a further child support deviation." We cannot say that this conclusion constituted an abuse of discretion.

{¶ 15} Finally, Douglas contends he was entitled to a downward deviation of 52% as provided for in the shared parenting agreement, because he had equal parenting time with the child and paid 50% of the child's expenses. However, he points to no law requiring a strict deviation reflecting the proportion of parenting time enjoyed by an obligor. Instead, as set forth above, the trial court may determine whether a deviation, either upward or downward, is appropriate under R.C. 3119.24. The amount of that deviation is discretionary, and there is no law requiring a 52% reduction due to equal parenting time.

{¶ 16} The record demonstrates the trial court granted a 10% downward deviation to Douglas under the authority of either R.C. 3119.051 or R.C. 3119.231(A).[3] However, after considering the R.C. 3119.23 and R.C. 3119.24 factors, the court declined to order any further deviation from the guideline child support amount. In denying any further deviation, the court specifically noted the income disparity between the parties, namely that Douglas's income was over $54,000 more than Patricia's annual income. The court also noted that Patricia paid for the child's health insurance coverage.

---

[3] As discussed in the resolution of the second assignment of error, we cannot determine from the record whether the 10% deviation represented the mandatory deviation required by R.C. 3119.051 or a discretionary deviation under R.C. 3119.231(A).

{¶ 17} Ultimately, Douglas disagrees with the weight the trial court afforded to the various factors in R.C. 3119.23 and R.C. 3119.24 in determining whether to grant an additional downward deviation from the guideline child support amount. Despite his argument that his equal parenting time should weigh more heavily in favor of reducing his child support obligation, the child support statutes, with the exception of R.C. 3119.051, vest the trial court with the discretion to determine when and whether to grant a deviation from the guideline child support amount. While Douglas disagrees with the trial court's determination, he does not demonstrate that the court abused its discretion in weighing the statutory factors and denying any further deviation from the guideline child support amount.

{¶ 18} The first assignment of error is overruled.

### III.　Downward Deviation Under R.C. 3119.051 and R.C. 3119.231

{¶ 19} The second assignment of error raised by Douglas states:

THE TRIAL COURT ERRED BY FAILING TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW WHEN NOT GRANTING AN ADDITIONAL DEVIATION TO CHILD SUPPORT PURSUANT TO SECTION 3119.23[1](B) EVEN THOUGH FATHER WAS GRANTED IN EXCESS OF 147 OVERNIGHTS.

{¶ 20} Douglas asserts the trial court failed to comply with the provisions of R.C. 3119.231(B).

{¶ 21} We first address Patricia's claim that Douglas has waived this issue on appeal because he failed to raise it in his objections to the magistrate's decision. Civ.R.

53(D)(3)(b)(iv) provides, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." "In appeals of civil cases, the plain error doctrine is not favored" and should be applied only when the "error, to which no objection was made at the trial court, seriously affects the basic fairness * * *" of the proceeding. *Roemmich v. Roemmich*, 2d Dist. Greene No. 07-CA-99, 2008-Ohio-6047, ¶ 10, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. Because Douglas failed to object to the magistrate's failure to comply with the fact-finding requirement of R.C. 3119.231(B), he has waived all but plain error in the court's adoption of the decision.

{¶ 22} In order to determine whether the trial court committed plain error, we must address R.C. 3119.051 and R.C. 3119.231. Both of these statutes, which became effective in March 2019, provide for downward deviations in child support in addition to the statutory provisions discussed in the first assignment of error. R.C. 3119.051 states:

> (A) Except as otherwise provided in this section, a court or child support enforcement agency calculating the amount to be paid under a child support order shall reduce by ten per cent the amount of the annual individual support obligation for the parent or parents when a court has issued or is issuing a court-ordered parenting time order that equals or exceeds ninety overnights per year. This reduction may be in addition to the other deviations and reductions.

{¶ 23} R.C. 3119.231 provides:

(A) If court-ordered parenting time exceeds ninety overnights per year, the court shall consider whether to grant a deviation pursuant to section 3119.22 of the Revised Code for the reason set forth in division (C) of section 3119.23 of the Revised Code. This deviation is in addition to any adjustments provided under division (A) of section 3119.051 of the Revised Code.

(B) If court-ordered parenting time is equal to or exceeds one hundred forty-seven overnights per year, and the court does not grant a deviation under division (A) of this section, it shall specify in the order the facts that are the basis for the court's decision.[4]

{¶ 24} Despite containing a similar threshold of parenting time of 90 overnights, the R.C. 3119.051 10% downward deviation is a separate issue from the R.C. 3119.231(A) consideration of whether to grant an additional downward deviation. The first is an automatic adjustment while the second is a discretionary decision centered on whether R.C. 3119.23(C) justifies an additional downward deviation. The use of the word "shall" in R.C. 3119.051 indicates a 10% downward deviation is a mandatory adjustment to the child support worksheet when the obligor parent has overnight parenting time 90 or more times per year. *See Caleshu v. Caleshu*, 10th Dist. Franklin No. 19AP-742, 2020-Ohio-4075, ¶ 23. Conversely, the language of R.C. 3119.231(A) indicates the court has discretion concerning whether an additional downward deviation is justified due to "[e]xtended parenting time or extraordinary costs associated with

---

[4] All of these statutory provisions are addressed solely to downward deviations, whereas R.C. 3119.23 and R.C. 3119.24 may result in either upward or downward deviations.

parenting time" as set forth in R.C. 3119.23(C). However, if the court does not grant the R.C. 3119.231(A) additional deviation **and** overnight parenting time equals or exceeds 147 nights, the court must specify the facts that are the basis for the court's decision to deny further deviation. In other words, the enactment of these statutory provisions created three new deviation thresholds for a trial court's consideration: (1) 90 or more overnights mandates a 10% downward adjustment to child support without any consideration of other deviation factors (R.C. 3119.051); (2) 91 or more overnights compels the judge to consider whether to grant an additional downward deviation in addition to the mandatory adjustment (R.C. 3119.231(A)); and (3) 147 overnights triggers the requirement the trial court provide an explanation for its decision to deny further deviation (R.C. 3119.231(B)).

{¶ 25} In this case, there is no dispute Douglas was entitled to the R.C. 3119.051 automatic 10% deviation because he had more than 90 overnights with the child. Further, R.C. 3119.231(A) entitled him, at the very least, to trial court consideration of an additional deviation under R.C. 3119.23(C). And since it is undisputed that Douglas exercises at least 147 overnights with the child each year, he was entitled to an explanation for any decision not to grant the additional R.C. 3119.231(A) deviation. R.C. 3119.231(B).

{¶ 26} The trial court's decision contains the following language concerning the above-cited statutory provisions:

Douglas is entitled to a 10% deviation for having at least 90 overnights of parenting time with [the minor child], which is reflected on Line 19 of the Child Support Worksheet.

\* \* \*

Pursuant to R.C. 3119.231(A), Douglas has received a deviation for having more than 90 overnights per year with [the minor child], [but he argues that he is entitled to further deviation based upon his equal parenting time.]

\* \* \*

Douglas's equal parenting time in and of itself, however, does not warrant an automatic reduction in child support, nor does the fact that the Decree deviated from child support based on this extended parenting time relieve the court of its duty to review child support. *See, Glassner v. Glassner*, 160 Ohio App.3d 648, 2005-Ohio-7625, 828 N.E.2d 642, ¶ 48 (5th Dist.); *Mossing-Landers v. Landers*, 2016-Ohio-7625, 73 N.E.3d 1060. ¶ 46 (2d Dist.).[5]

{¶ 27} According to the Ohio Department of Jobs and Family Services Child Support Guideline Manual, Revised March of 2019, the R.C. 3119.051 deviation is provided for on Line 19 of the Ohio Child Support Worksheets while the R.C. 3119.231 deviation is provided for on Line 25(b). A review of the child support worksheet attached to the court's decision provides for a 10% deviation on Line 19, which as stated above, is for the R.C. 3119.051 mandatory adjustment. The Line 25(b) deviation adjustment set forth in the child support worksheet was left blank.

{¶ 28} However, both the magistrate's decision and the decision of the trial court

---

[5] With the enactment of R.C. 3119.051, an obligor parent, as discussed, is entitled to an automatic reduction in child support when the parties share equal parenting time. Thus, this language used by the court is technically incorrect.

expressly state that the 10% downward deviation provided to Douglas was awarded pursuant to R.C. 3119.231(A).

{¶ 29} Given the trial court's express statement regarding the 10% deviation, it is clear the trial court was aware it was required to provide Douglas with this mandatory adjustment. However, by stating the adjustment was provided as required by R.C. 3119.231(A), the trial court's decision creates confusion that cannot be resolved on this record. Thus, while it appears that the trial court appropriately awarded the 10% automatic adjustment, it is not clear whether it did so under the correct statute. This necessarily leads to the conclusion that, if the court gave a 10% reduction under R.C. 3119.231(A), it erred as a matter of law in failing to give the R.C. 3119.051 automatic 10% reduction. We find this circumstance constitutes plain error.

{¶ 30} As stated above, child support is a matter committed to the sound discretion of the trial court. However, in exercising its discretion, a trial court may not, as here, commit an error of law. *See State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, 932 N.E.2d 345, ¶ 26 (2d Dist.).

{¶ 31} Douglas's second assignment of error is sustained. Upon remand, the trial court shall properly provide Douglas a downward deviation of 10% in accord with R.C. 3119.051. The court shall also consider whether Douglas is entitled to an additional downward deviation under R.C. 3119.231(A). If the court does not grant the additional deviation, it shall state the basis for this denial as required by R.C. 3119.231(B). This opinion should not be construed as requiring the court to grant or deny an additional deviation under R.C. 3119.231(A), but merely to undertake the evaluation required by that statute.

## IV.    Conclusion

**{¶ 32}** Douglas's second assignment of error being sustained, the judgment of the trial court is reversed and remanded for further proceedings in accord with this opinion.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Keith R. Kearney
Michael J. Davis
Hon. Denise L. Cross