[Cite as *Cruz v. Cruz*, 2025-Ohio-919.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Kathline Cruz,                                          :

      Plaintiff-Appellee,                     :

                                   No. 23AP-534

v.                                                             :           (C.P.C. No. 22DR-1773)

Jose Cruz,                                             :        (REGULAR CALENDAR)

      Defendant-Appellant.                :

D E C I S I O N

Rendered on March 18, 2025

**On brief:** *Atkins and Atkins, Attorneys at Law, LLC,* and *Alex Palomba* for appellant. **Argued:** *Alex Palomba.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

MENTEL, J.

{¶ 1} Defendant-appellant, Jose Cruz, appeals from the judgment entry and decree of divorce entered by the Franklin County Court of Common Pleas, Division of Domestic Relations, granting divorce to him and his ex-spouse, plaintiff-appellee, Kathline Cruz.[1] Mr. Cruz argues that he was entitled to a larger deviation in child support than the court granted. As explained below, the deviation fell within the appropriate statutory guidelines, and we will therefore affirm the trial court's judgment.

{¶ 2} Ms. Cruz filed for divorce on June 3, 2022. The parties had married on March 10, 2006, and had two minor children. On August 12, 2022, the magistrate entered a temporary order memorializing a shared parenting schedule agreed upon by the parties.

---

[1] Ms. Cruz has not appeared in this appeal.

{¶ 3}   On August 15, 2022, the magistrate entered another temporary order addressing child support. At that time, Mr. Cruz's annual salary was $70,500 and Ms. Cruz earned $56,079. (Aug. 12, 2022 Pl.'s Aff. at ¶ 5; Aug. 12, 2022 Def.'s Aff. at ¶ 2.) As reflected in the child support worksheet filed with the order on Aug 15, 2022, these amounts were the basis for the magistrate's temporary child support calculations, which applied a number of statutory deviations prompted by Mr. Cruz's extended parenting time pursuant to the shared parenting arrangement. A ten percent adjustment applied under R.C. 3119.051(A), which states that "a child support order shall reduce by ten per cent the amount of the annual individual support obligation for the parent or parents when a court has issued or is issuing a court-ordered parenting time order that equals or exceeds ninety overnights per year." (Aug. 15, 2022 Mag.'s Temporary Order at 1.) Citing the parties' "[a]pproximately equal parenting time," the magistrate also found that the amount of guideline child support calculation was applicable under R.C. 3119.231. *Id.* at 2. These deviations reduced Mr. Cruz's monthly child support obligation from $901.33 to $250.00. (*Compare id. with* Aug. 15, 2022 Child Support Worksheet.)

{¶ 4}   The trial court held a trial on June 27, 2023. Because the parties had already agreed on the terms of a final divorce decree and a shared parenting plan, the only disputed matter to resolve was the final amount of Mr. Cruz's monthly child support obligation.[2] The trial court considered the testimony of both parties, and entered as exhibits the magistrate's temporary order of support and a child support calculation worksheet stipulated to by the parties. (*See* Aug. 9, 2023 Jgmt. Entry at 5.).

{¶ 5}   The child support worksheet stated that Mr. Cruz was currently earning $82,988.00 annually, while Ms. Cruz earned $68,657.00. (Joint Ex. B.) Based on his income, Mr. Cruz's baseline annual obligation was $12,804.40, which was subject to the mandatory ten percent downward adjustment under R.C. 3119.051(A) that applies when the parenting time order equals or exceeds ninety overnights each year. *Id.* This brought the obligation down to $11,523.96, or $960.33 and month. After adding in the monthly medical support obligation of $34.81, Mr. Cruz's stipulated monthly obligation was

---

[2] As the trial court noted in its decision, the parties disputed several other matters concerning childcare expenses, none of which Mr. Cruz challenges on appeal. (Aug. 9, 2023 Jgmt. Entry at 4.)

$995.14, subject to further modification based on the trial court's resolution of the disputed deviation amount.

{¶ 6} Apart from the ten percent downward deviation under R.C. 3119.051(A), other statutory grounds for deviation due to shared parenting potentially applied. Normally, under R.C. 3119.22, a court "may order an amount of child support that deviates from the amount of child support that would otherwise result from" the calculations under the child support worksheet "if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet would be unjust or inappropriate and therefore not be in the best interest of the child." However, if the parenting time order exceeds 90 or 147 overnights every year, R.C. 3119.231 requires a court to consider a deviation as follows:

> (A) If court-ordered parenting time exceeds ninety overnights per year, the court shall consider whether to grant a deviation pursuant to section 3119.22 of the Revised Code for the reason set forth in division (C) of section 3119.23 of the Revised Code.
> . . .
>
> (B) If court-ordered parenting time is equal to or exceeds one hundred forty-seven overnights per year, and the court does not grant a deviation under division (A) of this section, it shall specify in the order the facts that are the basis for the court's decision.

{¶ 7} Factor (C) under R.C. 3119.23 is "[e]xtended parenting time or extraordinary costs associated with parenting time, including extraordinary travel expenses when exchanging the child or children for parenting time." Thus, although extended parenting time is one of many factors that a court has the discretion to consider when deciding to grant a deviation under R.C. 3119.22, under R.C. 3119.231(A), it must consider a deviation if the parenting time exceeds 90 overnights. Furthermore, once the 147-overnight threshold is reached, a court that did not grant a deviation must explain why. R.C. 3119.231(B).

{¶ 8} In this case, the trial court considered the deviation factors under R.C. 3119.22, including extended parenting time under R.C. 3119.23(C), stating:

> Defendant shall be exercising extended parenting time with the minor children that is near equal, if not equal, to the parenting time awarded to Plaintiff.
>
> Each party testified that the other helps them with the children during his/her awarded parenting time. Plaintiff testified that she spends more "waking hours" with the parties' minor children than Defendant, which leads her to believe they do not have "equal" parenting time.
>
> The Ohio Child Support Guideline Worksheet stipulated to by the parties, and provided as a joint exhibit, reflects a ten-percent (10%) downward deviation due to Defendant having overnight parenting time that exceeds ninety (90) days/overnights.

(Jgmt. Entry at 7.)

{¶ 9} The trial court also considered R.C. 3119.22(B), "[o]ther court-ordered payments," noting that Ms. Cruz wanted to fully cover medical expenses with no downward deviation to the child support obligation, while Mr. Cruz wanted the parties to equally share them. The trial court concluded: "The parties will equally (50-50) divide the children's ordinary and extraordinary uninsured health care expenses." (Jgmt. Entry at 7.)

{¶ 10} In addition, the trial court considered R.C. 3119.22(I), "[s]ignificant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing," stating as follows:

> Plaintiff expressed she wants to receive guideline child support with no downward deviation in exchange for being fully (100%) responsible for all in-kind contributions and expenses of the minor children. Plaintiff further testified that she already does this by paying for their piano lessons, paying/providing daily breakfast and lunch for the minor children, being the primary parent to purchase clothing and shoes, etc.
>
> Defendant testified that he does pay for expenses of the minor children but admittedly Plaintiff is the one to primarily purchase their clothing and shoes. Defendant further testified that Plaintiff fails to communicate with him regarding extracurriculars of the minor children and other ways to make significant in-kind contributions.
>
> Each party will provide for the minor children when they are in his [or] her care.

(Jgmt. Entry at 8-9.)

{¶ 11} The court's final order provided for a $260.33 downward deviation from the $960.33 baseline:

> Having considered the factors enumerated above, the Court finds that a statutory deviation from the Ohio Child Support Guidelines does exist, and guideline support is unjust, inappropriate, and not in the best interest of the children for the following reasons: approximately equal parenting time, other court ordered payments, and significant in-kind contributions.
>
> Defendant is thereby ordered to pay child support in the amount of $700.00 per month, plus two percent (2%) processing charge, and shall pay cash medical support of $0.00 per month, plus two percent (2%) processing charge, for a total monthly obligation of $714.00. Said amount is pursuant to the guideline child support worksheet submitted by the parties, attached hereto and incorporated herein by reference, and adjustments and/or deviations previously addressed within this Judgment Entry — Decree of Divorce.

(Jgmt. Entry at 11.)

{¶ 12} Unsatisfied with the amount of the trial court's deviation, Mr. Cruz has appealed and asserts the following assignment of error:

> [The] Trial Court Erred, Abused Its Discretion, and Ruled Against the Manifest Weight of the Evidence When It Failed to Give Proper Weight to the Deviation Factors Enumerated in Ohio Revised Code § 3119.23 and § 3119.24 and by Failing to Provide a Findings of Fact and Conclusions of Law Justifying Its Decision to Not Grant a Further Deviation for Equalized Time in Accordance with R.C. § 3119.231(B).

{¶ 13} An appellate court reviews a trial court's child support orders for an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). "In any action or proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order . . . the amount of child support . . . as calculated pursuant to the basic child support schedule and applicable worksheet through the line establishing the actual annual obligation, is rebuttably presumed to be the correct amount of child support due." R.C. 3119.03.

{¶ 14} Mr. Cruz argues that the magistrate arrived at the proper deviation amount when issuing the temporary child support order, in contrast to the trial court's final order. He criticizes the final deviation amount for being so much lower than the magistrate's deviation, pointing out that the trial court actually "relied on more deviation factors than the Magistrate did." (Emphasis in original.) (Brief of Appellant at 8.) He cites to his testimony and that of Ms. Cruz, stating that they "acknowledged that they exercised nearly equal parenting time." *Id.* at 12.

{¶ 15} The crucial distinction between the magistrate's temporary order and the trial court's final order is not the discrepancy in the deviation amount, as Mr. Cruz claims. Rather, it is that the trial court had the benefit of conducting an in-person trial and could evaluate the parties' testimony as the finder of fact. A temporary child support order is granted "without oral hearing . . . during the pendency of the action for divorce, annulment, or legal separation." Civ.R. 75(N)(1). The temporary child support order, including the application of any statutory basis for deviation, is made "upon satisfactory proof by affidavit," in contrast to the trial conducted before the trial court's final resolution of the issue. *Id.* The record reflects that this process was followed. The parties filed affidavits requested by the magistrate, who evaluated them before issuing the order. However, the order contained no findings of fact or discussion of the statutory factors relevant to deviation. Thus, we cannot agree with Mr. Cruz's contention that "the Magistrate's rather than the Judge's analysis was the proper means of determining the appropriate deviation to child support." (Brief of Appellant at 8.) The magistrate's order contained no analysis.

{¶ 16} In contrast, the trial court made findings of fact and conclusions of law on the disputed issue of child support. When discussing the in-kind contributions under R.C. 3119.22(I), the trial court emphasized that even though Mr. Cruz "testified that he does pay for expenses," he admitted that the children's mother was "the one to primarily purchase their clothing and shoes." (Jgmt. Entry at 8.) The trial court found that despite Mr. Cruz's assertion of equal payment of expenses, Ms. Cruz was actually making more in-kind contributions than him. Thus, although the trial court "relied" on more R.C. 3119.22 factors than the magistrate, as Mr. Cruz argues, the in-kind factor worked against him in the final analysis. (Brief of Appellant at 8.)

{¶ 17} Mr. Cruz also argues that the trial court incorrectly applied R.C. 3119.231. He argues that after the deviations it granted, the trial court "failed to award him any additional deviation pursuant to R.C. 3119.231(B) for exercising 147 overnights and further failed to provide any justification for its decision." (Brief of Appellant at 13.) In his reading of the statute, R.C. 3119.231(B) triggers an obligation for the trial court to "consider granting an additional time-related deviation" if parenting time results in 147 overnights. *Id.*

{¶ 18} This argument misreads the statute. The obligation to consider an additional deviation under R.C. 3119.231 due to extended parenting time arises after the mandatory ten percent deviation under R.C. 3119.051. As Mr. Cruz acknowledges, the trial court applied the ten percent mandatory deviation under R.C. 3119.051. (Brief of Appellant at 13.) Then, citing "the following reasons: approximately equal parenting time, other court-ordered payments, and significant in-kind contributions," the trial court granted an additional deviation. *Id.* at 3. This satisfied its obligation under R.C. 3119.231(A) to "consider whether to grant a deviation" based on extended parenting time. Because the trial court granted this deviation, R.C. 3119.231(B) did not apply. It is only when "the court does not grant the R.C. 3119.231(A) additional deviation **and** overnight parenting time equals or exceeds 147 nights, [that] the court must specify the facts that are the basis for the court's decision to deny further deviation." (Emphasis in original.) *Mangen v. Mangen*, 2021-Ohio-3693, ¶ 24 (2d Dist.). The trial court granted Mr. Cruz an additional deviation under R.C. 3119.231(A). He was not entitled to an additional consideration under R.C. 3119.231(B).

{¶ 19} Mr. Cruz has not rebutted the presumption under R.C. 3119.03 that the trial court's order was "the correct amount of child support due," or that the trial court abused its discretion when applying the statutory provisions governing deviation based on extended parenting time. Accordingly, his sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

JAMISON, P.J. and EDELSTEIN, J., concur.

_____