**[Cite as *Downing v. Downing*, 2025-Ohio-2505.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ERIC DOWNING

    Appellee

    v.

TESS DOWNING

    Appellant

C.A. No.     31363

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR 2022-05-1168

DECISION AND JOURNAL ENTRY

Dated: July 16, 2025

SUTTON, Judge

**{¶1}** Defendant-Appellant Tess Downing ("Mother") appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, overruling her objections to the administrative order of the Summit County Child Support Enforcement Agency ("CSEA") and granting the motion of Plaintiff-Appellee Eric Downing ("Father") to modify child support. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

**{¶2}** Mother and Father were divorced on February 2, 2023, and share one minor child, born in 2021. As part of the divorce, Mother and Father entered a shared parenting plan, splitting parenting time between the parents evenly. For purposes of calculating child support, Mother was imputed an income of $50,000 per year because she had not yet returned to work full-time and Father's total gross income was $125,494.33 per year. Father was the child support obligor and

Mother was the child support obligee, and Father's monthly child support obligation was calculated to be $991.30. Mother and Father agreed on a child support obligation of $900.00 per month but no express reason for the downward deviation was set forth in the divorce decree or shared parenting plan. The shared parenting plan did provide if Mother's income exceeded $50,000.00 per year, she was to immediately notify Father.

{¶3} Mother returned to work and her income rose to over $50,000.00. Mother notified CSEA and Father of her increase in income. CSEA then conducted an administrative review of child support. Father's monthly child support obligation was recalculated at $961.39, which included a 10% downward deviation for Father having 90 or more overnights with the child per year. CSEA conducted an administrative adjustment hearing to ensure the child support obligation was correct and the hearing officer determined the calculation to be correct. Both Mother and Father objected to CSEA's determination to the trial court. In addition, Father filed a motion to modify child support with the trial court. The matter was referred to a magistrate for hearing. In Father's March 14, 2024 trial brief, he proposed his child support obligation be "$0.00." In his May 14, 2024 trial brief, Father argued for a reduction in his child support obligation based on a substantial change of income and the substantial time the child spends with him. After the hearing, the magistrate ordered Father to pay $1,091.20, in child support per month beginning August 1, 2023. This order included a 10% downward deviation for Father having 90 or more overnights with the child. The trial court then modified Father's child support obligation to $918.25 per month, beginning on November 1, 2023. The last modification also included a 10% downward deviation for Father having 90 or more overnights per year, and an additional 10% downward deviation for Father's extended parenting time. Mother objected to the magistrate's decision.

{¶4} The trial court conducted an "independent review of the record in [the] case, including the [m]agistrate's decision, [Mother's] [objections], Father's [r]esponses, the pleadings, affidavits, exhibits, transcript, and other documents in the record." The trial court overruled Mother's objections to the magistrate's decision. In doing so the trial court stated, "[p]ursuant to the clause in the Shared Parenting Plan, any change in [M]other's income over $50,000.00 was merely the triggering event to have the [c]ourt re-evaluate support." The final child support worksheet completed by the trial court listed Mother's annual gross income as $79,570.00 and Father's as $146,581.13. The trial court further found the magistrate did not err in considering an additional downward deviation in support based on equal parenting time. The trial court agreed with the magistrate's calculation of child support, including the two 10% downward deviations, stating "any deviation in excess of an additional 10% deviation in child support would be unjust, inappropriate, and not in the best interest of [the minor child] per" R.C. 3119.22 and R.C. 3119.23(E) and (K).

{¶5} Mother has appealed the decision of the trial court, raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED IN GRANTING [FATHER'S] MOTION TO MODIFY CHILD SUPPORT TO INCLUDE A DOWNWARD DEVIATION FOR TIME AND FINANCIAL CONTRIBUTION FOR THE MINOR CHILD.**

{¶6} Mother argues in her first assignment of error the trial court erred in including a downward deviation of Father's child support obligation based on parenting time and financial contribution. Mother's brief, however, focuses on parenting time so that is where we will focus as well.

{¶7} R.C. 3119.051(A) requires a 10% downward deviation of child support when the obligor has 90 or more overnights per year with the child. R.C. 3119.051(A) provides in relevant part:

> [A] court or child support enforcement agency calculating the amount to be paid under a child support order **shall** reduce by ten per cent the amount of the annual individual support obligation for the parent or parents when a court has issued or is issuing a court-ordered parenting time order that equals or exceeds ninety overnights per year. This reduction may be in addition to the other deviations and reductions.

(Emphasis added.) The 10% reduction is automatic when the parties' parenting time is evenly split. *See Doubler v. Doubler*, 2023-Ohio-393, ¶ 34-35 (9th Dist.).

{¶8} In spite of the mandatory language of R.C. 3119.051(A), Mother argues equal parenting time was a circumstance that existed at the time of the parties' divorce and it was error for the trial court to consider Father's parenting time in modifying child support.

{¶9} Here, the CSEA review of child support was triggered by Mother's obligation to notify Father when her annual income rose to over $50,000.00, a provision in the shared parenting plan to which she agreed. The shared parenting plan provided "[a]ny change in child support shall be retroactive to the date of the salary increase." After CSEA's review and order, the matter was before the trial court, in part, by Mother's objection to the CSEA order, not just on Father's motion to modify.

{¶10} Upon the motion of Father to modify child support, the trial court was required to complete new child support worksheets with the parties' updated income information. R.C. 3119.79(A) and *Hock v. Soles*, 2022-Ohio-3531, ¶ 33 (7th Dist.) ("the motion for modification of child support triggered the trial court's duty to complete a new worksheet.") Once the matter was before the trial court upon the parties' objections to the CSEA order and Father's motion to modify child support, the trial court could not ignore the significant increases in Mother's and Father's

incomes. Nor could the trial court ignore the mandate of R.C. 3119.051 to grant Father an automatic and mandatory 10% downward deviation for 90 or more overnights with the child. *Mangen v. Mangen,* 2021-Ohio-3693, ¶ 24 (2d Dist.) ("90 or more overnights mandates a 10% downward adjustment to child support without any consideration of other deviation factors[.]")

{¶11} For these reasons, we conclude the trial court did not err in granting Father the mandatory 10% downward deviation provided for in R.C. 3119.051(A). Mother's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN FINDING THAT [FATHER] IS ENTITLED TO AN ADDITIONAL 10% DEVIATION FOR OVERNIGHTS MORE THAN 147 PER YEAR, IN EXCESS TO THE DEVIATION ATTRIBUTED TO [FATHER] FOR 90 OR MORE OVERNIGHTS.**

{¶12} In her second assignment of error, Mother argues the trial court erred by finding Father was entitled to a second 10% downward deviation for more than 147 overnights per year in addition to the 10% downward deviation for 90 or more overnights per year.

{¶13} "Trial courts are vested with broad discretion when deciding whether to modify an existing child support order." *Hill v. Hill*, 2016-Ohio-910, ¶ 10 (9th Dist.), citing *Adams v. Adams*, 2013-Ohio-2947, ¶ 15 (3d Dist.). "Consequently, '[w]e review a trial court's modification of a child support order for an abuse of discretion." *Hill* at ¶ 10, quoting *Batcher v. Pierce*, 2015-Ohio-2130, ¶ 16 (9th Dist.). An abuse of discretion is more than an error of judgment; it implies the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, we may not simply substitute our own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶14} R.C. 3119.231(A) provides:

> If court-ordered parenting time exceeds ninety overnights per year, the court **shall consider** whether to grant a deviation pursuant to section 3119.22 of the Revised Code for the reason set forth in division (C) of section 3119.23 of the Revised Code. This deviation is in addition to any adjustments provided under division (A) of section 3119.051 of the Revised Code.

(Emphasis added.)  R.C. 3119.23(C) provides in relevant part:

> The court may consider any of the following factors in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code:
>
> . . .
>
> (C) Extended parenting time[.]

"The obligation to consider an additional deviation under R.C. 3119.231 due to extended parenting time arises *after* the mandatory ten percent deviation under R.C. 3119.051."  *Cruz v. Cruz*, 2025-Ohio-919, ¶ 18 (10th Dist.).  While a downward deviation under R.C. 3119.231 is not mandatory, the trial court is *required to consider* an additional deviation for extended parenting time when parenting time exceeds 90 overnights per year.  *Mangen* at ¶ 24 ("91 or more overnights compels the judge to consider whether to grant an additional downward deviation in addition to the mandatory adjustment[.]")  If the trial court grants a deviation in child support from the amount calculated on the worksheet pursuant to R.C. 3119.231(A), the trial court is required to determine the calculated amount of child support "would be unjust or inappropriate and therefore not in the best interest of the child" and to set forth "findings of fact supporting that determination."  R.C. 3119.22.

{¶15}  In this case, there is no dispute Father's parenting time exceeds 90 overnights with the child.  In fact, there is no dispute that Father has equal parenting time.  Because the Father's parenting time exceeds 90 overnights per year, the trial court was obligated to consider an additional downward deviation pursuant to R.C. 3119.231(A) for extended parenting time.  When the trial court deviated from the child support as calculated on the worksheet, it was required to

include in its order a determination that the calculated amount "would be unjust or inappropriate and therefore not in the best interest of the child, and findings of fact supporting that determination." The trial court did find "a deviation in [Father's] child support obligation is appropriate," but any deviation beyond the second 10% deviation would be "unjust, inappropriate, and not in the best interests of" the child. The trial court cited R.C. 3119.23(E) and (K) in support of this finding. In granting a deviation, R.C. 3119.23(E) allows the trial court to consider "[t]he relative financial resources, including the disparity in income between parties or households, other assets, and the needs of each parent[.]" R.C. 3119.23(K) allows the trial court to consider "[t]he standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married[.]" Here, the trial court found Father has the child in excess of 147 overnights per year, has equal parenting time, and Mother has gone back to work full-time and has increased her income significantly. The trial court limited the second downward deviation to 10% because it found a large difference still existed between the parties' incomes despite the increase in both parties' incomes. The trial court stated Father's income was almost double Mother's income and Mother had to take on a second job to afford childcare.

{¶16} Upon review of the record, this Court cannot say the trial court abused its discretion in granting Father an additional 10% downward deviation pursuant to R.C. 3119.231. Mother's second assignment of error is overruled.

III.

{¶17} Pursuant to R.C. 3119.051(A), the trial court was required to grant the first 10% downward deviation of Father's child support obligation as calculated on the child support worksheet. Pursuant to R.C. 3119.231(A), the trial court was required to consider whether to grant

an additional downward deviation based on extended parenting time and did not abuse its discretion in granting an additional 10% downward deviation of Father's child support obligation.

{¶18} For the forgoing reasons, Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

KENNETH M. CRISLIP, Attorney at Law, for Appellant.

THOMAS C. LOEPP, Attorney at Law, for Appellee.