[Cite as *In re C.C.*, 2024-Ohio-5012.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: C.C. | : | APPEAL NO. C-240365 |
| | | TRIAL NO. F21-535Z |
| | : | |
| | : | *O P I N I O N.* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: October 18, 2024

*Alana Van Gundy*, for Appellant Mother,

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Patsy Bradbury*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Pro Kids* and *Elizabeth Hutson*, for the child's Guardian Ad Litum.

**WINKLER, Judge.**

{¶1} Appellant mother appeals the decision of the Hamilton County Juvenile Court granting permanent custody of her child, C.C., to the Hamilton County Department of Job and Family Services ("HCJFS"). This court sua sponte unconsolidates this appeal, the case numbered C-240365, from the appeal in the case numbered C-240373.

{¶2} In her sole assignment of error, she argues that the evidence was insufficient to support the juvenile court's judgment and that the judgment was against the manifest weight of the evidence. We do not reach the merits of her assignment of error, because we cannot determine from the judgment entry whether the juvenile court applied the correct standard of review and if it independently reviewed the magistrate's decision.

{¶3} The record shows that on May 24, 2021, HCJFS filed a motion for temporary custody of the child. Subsequently, the child was found to be dependent and placed in foster care. On February 10, 2023, HCJFS filed a motion to convert temporary custody of the child to permanent custody. We note that the applicable statute, R.C. 2151.414, was amended effective April 3, 2023. The amendment made only minor changes. Courts should apply the version of the statute in effect at the time the motion for permanent custody was filed. *In re P., S., M. Children*, 2024-Ohio-2794, ¶ 17 (1st Dist.). Consequently, we apply the version of the statute in effect on February 10, 2023.

{¶4} At the hearing on HCJFS's motion, the magistrate found that the child had been in the temporary custody of HCJFS for 12 or more months of a 22-month period, that the child could not be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents, and that granting

2

permanent custody to HCJFS was in the child's best interest. *See* former R.C. 2151.414(B) and (D). Mother objected to the magistrate's decision.

{¶5} In ruling on the objections, the juvenile court discussed the manifest-weight-of-the-evidence argument raised by mother and cited the appropriate standard in what appears to be boiler-plate language. It then stated,

> The Magistrate performed a detailed review and analysis of the pertinent statutory factors in this matter. An abuse of discretion exists when a Magistrate's decision is "unreasonable, arbitrary, or unconscionable," meaning it is made "without consideration of or regard for all the facts, [or] circumstances." (Citation omitted). Here the magistrate considered all of the relevant statutory factors under O.R.C. 2151.414(E) and 2151.414(D). Further, [mother] frames her assignment of error as a manifest weight and sufficiency challenge. She argues the evidence and the record contradicts the ultimate conclusion of the Magistrate. However [she] fails to substantiate these arguments with any evidence. Therefore, the Court finds that the Magistrate's decision is not against the manifest weight of the evidence presented.

{¶6} Finally, in what also appears to be boiler-plate language, the entry states, "In light of the Magistrate's thorough analysis, their [sic] consideration of the appropriate statutory factors, the Court cannot find that the decision is against the manifest weight of the evidence or find any abuse of discretion in the Magistrate's determination."

{¶7} This case is almost identical to *In re E.J.*, 2024-Ohio-2421 (1st Dist.), in which we set forth our standard of review for a trial court reviewing a magistrate's decision. We stated,

Appellate courts generally review juvenile courts' parental-termination determinations under a sufficiency-of-the-evidence or a manifest-weight-of-the-evidence standard of review. *In re Z.C.*, 173 Ohio St.3d 359, 2023-Ohio-4703, 230 N.E.3d 1123, ¶ 11. But when an appeal of a parental-termination decision presents questions of law, our review is de novo. *In re L.E.S.*, 2024-Ohio-165, 233 N.E.3d 1259, ¶ 14 (1st Dist.). Whether the trial court applied the appropriate legal standard is a legal question that we review de novo. *See State v. Williams*, 1st Dist. Hamilton No. C-190380, 2020-Ohio-5245, ¶ 5 ("We review de novo whether the trial court applied the proper legal standard.").

*Id*. at ¶ 17.

{¶8} We also discussed the trial court's duties when deciding on objections to a magistrate's report under Juv.R. 40. We stated that in ruling on an objection, a court must "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." *Id*. at ¶ 18, citing Juv.R. 40(D)(4)(d). The juvenile court must review the facts and determine the issues de novo, and it may not defer to the magistrate. *Id*.

{¶9} We further stated that this court presumes that the juvenile court complied with Juv.R. 40(D)(4)(d) "when the record demonstrates that the juvenile court independently reviewed the evidence, acknowledged the applicable statutes, and reached its conclusion based on clear and convincing evidence." *Id*. at ¶ 19, citing *In re A.M.*, 2020-Ohio-5102, ¶ 40. But a juvenile court errs in reviewing a magistrate's decision for an abuse of discretion. Juvenile courts should not presume a magistrate's decision's validity. *Id*. at ¶ 20, citing *Jones v. Smith*, 2010-Ohio-131, ¶ 13 (4th Dist.).

{¶10} In *In re E.J.*, the juvenile court initially used boiler-plate language that stated the correct requirement for independent review. But following its recitation of

that requirement, the juvenile court framed the mother's objection to the weighing of the best-interest factors as a manifest-weight argument and reviewed the magistrate's decision for an abuse of discretion. The court again cited the manifest-weight standard, and then incorrectly stated that in making a custody determination, the magistrate must consider the factors set out in R.C. 3109.04(F), rather than R.C. 2151.414(D), the correct statute. The court again described the mother's argument as a manifest-weight challenge and applied the abuse-of-discretion standard. *In re E.J.,* 2024-Ohio-2421, at ¶ 23 (1st Dist.).

{¶11} Finally, we said that we could not determine whether the juvenile court independently reviewed the magistrate's decision when it overruled the mother's objections. "While the juvenile court started and ended its decision with a boiler-plate recitation of the correct standard, its substantive discussion of the mother's objections exclusively referenced an appellate standard of review. The court additionally cited the wrong statute in its entry." *Id.* at ¶ 25. Consequently, we reversed the juvenile court's judgment and remanded the cause for the juvenile court to conduct an independent review of the magistrate's decision. *Id.* at ¶ 26.

{¶12} The language used in the judgment entry in the present case is nearly identical to the language used in *In re E.J.*, with the only difference being that the juvenile court did not cite to the wrong statute. The boiler-plate language states that the court conducted an independent review, but in the body of the decision, the court used a manifest-weight and abuse-of-discretion standard. Thus, we cannot determine whether the juvenile court conducted an independent review and, without that independent review, we cannot effectively perform our role as a reviewing court. *See id.* at ¶ 35.

{¶13} Consequently, we reverse the juvenile court's decision and remand the cause for the juvenile court to conduct an independent review of the magistrate's

decision and apply the proper standard of review. Our reversal renders mother's assignment of error moot, and we decline to address it. *See* App.R. 12(A)(1)(c); *In re E.J.*, 2024-Ohio-2421, at ¶ 35 (1st Dist.).

Judgment reversed and cause remanded.

**BOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.