[Cite as *Mallory v. Mallory*, 2024-Ohio-5458.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| QUINTIN GERARD MALLORY, | : | APPEAL NO. | C-240267 |
| | | TRIAL NO. | DR-2101798 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| | | *O P I N I O N* | |
| SHEILA MALLORY, | : | | |
| Defendant-Appellant. | : | | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 20, 2024

*Leslie F. Thomas, Co., LPA, and Leslie F. Thomas,* for Defendant-Appellant Sheila Mallory.

**BERGERON, Presiding Judge.**

**{¶1}** More than a year after the domestic relations court entered a final decree of divorce that incorporated a couple's separation agreement, the wife moved for relief from that judgment under Civ.R. 60(B)(1) and (2). She insisted that the separation agreement mistakenly omitted her husband's 401(k) profit-sharing plan, an omission that she did not discover until her husband sold his company, which she maintained constituted newly-discovered evidence. After initially agreeing to amend the separation agreement, the husband eventually balked, opposing the wife's motion for relief by pointing out that it was filed more than a year after the entry of the final judgment (and thus time-barred based on the relevant provisions of Civ.R. 60(B)). The domestic relations court ultimately agreed with husband and rejected wife's Civ.R. 60(B) application. The wife now appeals to this court, asserting four assignments of error. After reviewing the record, we overrule all four of her assignments of error and accordingly affirm the domestic relations court's judgment on all grounds.

I.

**{¶2}** In 2021, appellee Quintin Mallory ("husband") filed for divorce from his then-wife, appellant Sheila Mallory ("wife"). Less than a year later, in September 2022, the domestic relations court entered the couple's decree of divorce, which incorporated their separation agreement ("agreement").

**{¶3}** Among other things, the agreement detailed the distribution protocols for the couple's individual retirement and pension plans. The clause specified that husband's "Chromoflo Technologies Corp Defined Benefit Pension Plan" was considered partial marital property, and therefore, wife was entitled to one half of the marital portion of it. However, the relevant clause omitted the "Chromoflo 401(k) Profit-Sharing Plan" ("profit-sharing plan"). That omission forms the root of this

appeal.

{¶4} In November 2023, more than a year after the domestic relations court entered the decree of divorce, wife filed a Civ.R. 60(B) motion for relief from the judgment based on the omission of the profit-sharing plan from the agreement. Specifically, she invoked Civ.R. 60(B)(1) and (2), which allow for relief due to mistake or newly discovered evidence, respectively. These subsections require the motion to be filed not more than one year after the judgment. *See* Civ.R. 60(B).

{¶5} Thereafter, in January 2024, the domestic relations court held a hearing on the matter (where husband appeared pro se), and both parties agreed that the agreement mistakenly omitted the profit-sharing plan. The domestic relations court entered an order, requesting that wife submit an agreed entry between the parties amending the agreement to include the profit-sharing plan, and it requested that she do so by February. However, before that deadline, husband had a change of heart and moved to dismiss wife's Civ.R. 60(B) motion on the ground that she filed it more than one year after the domestic relations court entered the decree of divorce (which wife concedes). The domestic relations court ultimately granted husband's motion, holding that the previous oral agreement between the parties to amend the agreement did not fulfill the agreement's requirements that an amendment be in writing, and it held that because wife filed the motion more than a year after the judgment, it was untimely.

{¶6} Wife now appeals to this court, asserting four assignments of error, all of which essentially argue that the domestic relations court erred in denying her motion for relief from the judgment. She now maintains, for the first time on appeal, that she should have been relieved from the domestic court's previous judgment under Civ.R. 60(B)(5), which does not have a one-year filing deadline.

3

II.

**{¶7}** Before reaching the merits of wife's appeal, we find it necessary to independently address the insufficiencies of her appellate brief. As the individual raising an issue before the court, it is the appellant's burden to provide support for her contentions. This includes legal and factual support, by way of citations to legal authorities and the record on appeal. *See* App.R. 16(A)(7); *see also* Loc.R. 16.1(A)(3)(c) and (4). It is not a court's job to scour the record to find support for a party's position. *See Olthaus v. Niesen*, 2023-Ohio-4710, ¶ 11 (1st Dist.) (the defendant's "'failure to develop an authority-based argument provides sufficient grounds to' reject his appeal and to affirm the judgment of the trial court."). Appellants must "present '[a]n argument containing [their] contentions . . . with respect to each assignment of error presented for review *and the reasons in support of the contentions*, with citations to the authorities, statutes, and parts of the record on which appellant relies.'" (Emphasis in original.) *Tyra v. Tyra*, 2022-Ohio-2504, ¶ 23 (1st Dist.), citing App.R. 16(A)(7).

**{¶8}** These are not hyper-technical requirements designed to trap the unwary. Much to the contrary, these rules exist to ensure that both appellant and appellee can steer us in the direction of the record that might support their arguments, maximizing their chances of persuading us. Record and legal citations help us do our jobs in assessing the merits of any appeal.

**{¶9}** Here, wife fails to cite the record at all. While she does include some legal authorities, she fails to demonstrate to us how those holdings support her position, or at the very least, how they are informative on this issue. She continuously makes bare assertions that she is entitled to relief but fails to tell us *why*. For example, she asserts that her claim "was meritorious as [she] is entitled to the martial portion"

of the profit-sharing plan. But she fails to demonstrate how her claim is meritorious, and why, if it is meritorious, that entitles her to relief.

**{¶10}** Post-judgment filings under Civ.R. 60(B) have been heavily litigated since the rule's inception, and therefore, a well of extensive legal authority exists from which wife could have drawn. But without any demonstration or explanation as to why precedent sheds light on wife's case, we find it hard to grant her the relief she desires.

**{¶11}** The failure to cite the record or to cite and discuss relevant authority, which are both required by applicable appellate and local rules, serves as an independent basis for us to overrule her four assignments of error.

III.

**{¶12}** In the alternative, we address the merits of wife's four assignments of error, all of which assert that the domestic relations court erred in dismissing her motion for relief from its previous judgment. Wife presents ancillary arguments regarding hearing requirements and her belief that the pension plan was a "major asset" of the marriage, but she foundationally asserts that she should have been granted relief because she had a meritorious claim, she was entitled to relief under one of the grounds in Civ.R. 60(B)(1)-(5), and her motion was made within a reasonable time. Therefore, we address all four assignments together.

**{¶13}** Appellate courts review a trial court's decision on a motion for relief from judgment under an abuse of discretion standard. *Wottreng v. CBTM Elberon, LLC*, 2023-Ohio-2207, ¶ 7 (1st Dist.), citing *Kay v. Marc Glassman*, 76 Ohio St.3d 18, 20 (1996). An abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah,* 2021-Ohio-3304, ¶ 35.

**{¶14}** Civ.R. 60(B) allows for relief from a judgment if the movant can demonstrate that there has been "(1) [m]istake, inadvertence, surprise or excusable neglect; (2) [n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); . . . or (5) [a]ny other reason justifying relief from the judgment." Wife originally moved for relief under Civ.R. 60(B)(1) and (2), but now she seemingly asks for relief under Civ.R. 60(B)(5), which does not contain the same one-year filing deadline as subsections (1) and (2). However, she did not independently raise an argument below pertaining to Civ.R. 60(B)(5).

**{¶15}** We accordingly hold that she has waived any argument premised on Civ.R. 60(B)(5). If a movant desires relief under Civ.R. 60(B)(5), she must ensure that she presents the claim to the trial court because that rule "should not 'be used as a substitute for any of the other more specific provisions of Civ.R. 60(B).'" *Wottreng* at ¶ 9, quoting *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983). A movant cannot rely on Civ.R. 60(B)(5) if a more specific provision supports her motion. *See id.* Case in point, wife originally asserted that mistake or newly discovered evidence entitled to her relief under Civ.R. 60(B)(1) or (2). She now seeks relief under subsection (5), but she asserts the same arguments—that the omission of the profit-sharing plan was a mistake and that she only recently discovered that when husband sold his company.

**{¶16}** If parties were allowed to simply recategorize their motions, it would allow movants to "recast" Civ.R. 60(B)(1), (2), or (3) claims as Civ.R. 60(B)(5) claims, effectively circumventing the one-year time limitation on those claims, rendering them meaningless and allowing parties to assert such "attack[s] in perpetuity." *Wottreng*, 2023-Ohio-2207, at ¶ 9 (1st Dist.). The Supreme Court of Ohio underscored

"the value of finality in producing 'certainty in the law and public confidence in the system's ability to resolve disputes.'" *Id.*, quoting *Strack v. Pelton*, 70 Ohio St.3d 172, 175 (1994). Put another way, no court's judgment would ever attain finality because parties could move for relief under Civ.R. 60(B)(5) at any point. That defeats the purpose of the time limitations specified in the rule's narrower provisions.

**{¶17}** Tellingly, wife presents no other argument that Civ.R. 60(B)(5) applies to the circumstances of her case besides repeating her previous arguments under Civ.R. 60(B)(1) and (2). Nor does she seek to resurrect her prior Civ.R. 60(B)(1) and (2) arguments on appeal, presumably based on the time barrier.

**{¶18}** Therefore, for the reasons explained above, we overrule all four of wife's assignments of error.

IV.

**{¶19}** Having found no reversible error, we affirm the judgment of the domestic relations court on all grounds.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

7