[Cite as *Gadson v. Scott*, 2025-Ohio-7.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IVAN E. GADSON,                          :

    Plaintiff- Appellee,             :

                                                No. 113740

v.                                       :

KIMBERLY R. SCOTT,                       :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 2, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-23-396022

---

### *Appearances:*

Michael J. Paskert, *for appellee.*

Edward L. Joseph, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant Kimberly Scott appeals the divorce decree issued to end her marriage with Ivan Gadson and the domestic relation court's denial of her motion for new trial. Because we do not find error at trial or that the domestic

relations court abused its discretion in denying the motion for new trial, we affirm the judgment.

## PROCEDURAL HISTORY AND RELEVANT FACTS

{¶ 2} Kimberly Scott and Ivan Gadson were married on August 24, 2018, and no children were born of the marriage. Gadson, pro se, filed a complaint for divorce on August 14, 2023. On that same day, the domestic relations court ordered the parties to comply with the Cuyahoga CP, Dom.Rel.Div., Loc.R. 14 and file financial disclosure statements. On September 15, 2023, Scott, pro se, filed an answer and counterclaim, and then on September 20, 2023, he filed a financial disclosure statement. The docket indicates that Gadson did not file a financial disclosure statement. Thereafter, the docket reflects that neither party filed any motions and trial was set for January 10, 2024.

{¶ 3} The domestic relations court conducted trial on January 10, 2024. Scott and Gadson appeared pro se. Because Scott appeals issues regarding the domestic relations court's determinations regarding marital property and the division thereof, we review the testimony germane to those issues.

{¶ 4} Gadson testified at trial that in 1998, he purchased his home on Lexington Avenue in Cleveland, Ohio and that there was no mortgage on the property. He stated he owned a 2022 GMC pickup truck and owed $30,000. He also testified that during the marriage, he cosigned for a loan on Scott's 2018 Ford Focus, which vehicle was repossessed in 2023. He said that he and Scott had purchased jet skis, which she had possession of, and that they each possessed a boat.

Gadson stated that he owns a company, Cheyanne Express, which owns several vehicles. Although Gadson testified that he had no bank account, he presented evidence in the form of checks written from his company's bank account to Scott in the amount of $15,000. Gadson stated he gave the checks to Scott for the purpose of ending the marriage.

{¶ 5} Scott testified to owning a condominium on Lakeshore Boulevard (the "condominium") in Euclid, Ohio. She said it was bought by her daughter in 2021. She testified her daughter obtained a scholarship so she used money from a college fund "and bought her a condo which I lived in with my son." She also testified her "daughter gifted the condo to me in my name after I was living there for I don't know probably two years" because Scott wanted to be a member of the condominium board. Scott later testified that in June 2020, "when I was looking at this condo and we were talking about getting back together, he didn't want me to buy this — my daughter to buy this condo because he knew I would live in the condo in case things didn't work out." Scott explained that she asked Gadson to release his dower rights and he did, but "I didn't buy that condo, that was my daughter purchased that condo, she was 18."

{¶ 6} Scott testified that she has a 14 year-old Lexus and detailed personal property purchased during the marriage to include furnishings in the condominium and items at the Lexington Avenue home that she believed she had an interest in.

{¶ 7} The trial court granted the complaint for divorce and issued a divorce decree on January 30, 2024. Within the divorce decree, the domestic relations court

found that the home on Lexington Avenue was Gadson's property but that the condominium was marital property. It ordered the condominium to be sold with the costs and proceeds divided equally. It also ordered that the parties retain ownership of the furnishings, personal property, boats, jet skis, and vehicles each had in their possession and that Scott assume the remaining debt on the repossessed vehicle.

{¶ 8} After the divorce decree, counsel filed a notice of appearance on Scott's behalf and issued subpoenas. On February 29, 2024, Scott's counsel filed a motion for new trial. On March 5, 2024, counsel filed a "second and updated brief in support of the motion for new trial," attaching documents received from the subpoenas. On March 7, 2024, the domestic relations court denied the motion for new trial.

{¶ 9} On March 19, 2024, Scott's counsel filed an appeal of the denial of the motion for new trial and the divorce decree. On the same day, Scott's counsel also filed a motion for relief from judgment in the domestic relations court and a motion for remand of the case in this court. On March 25, 2024, this court granted Scott's motion for remand to the domestic relations court so that it could rule upon her Civ.R. 60(B) motion. In granting the motion for remand, we ordered that "[i]n order to appeal the trial court's ruling on the motion for relief from judgment, the party must file a separate notice of appeal from the order and may request the matter to be consolidated with the instant appeal. See, Loc. App.R. 4(C) and (D)."

{¶ 10} The domestic relations court denied the motion for relief from judgment, and on April 4, 2024, the case was returned to this court. Thereafter, Scott filed an appellant's brief, Gadson filed an appellee's brief, and Scott filed a reply brief.

## LAW AND ARGUMENT

{¶ 11} Scott raises four assignments of error in this appeal. In the first assignment of error, Scott alleges that the trial court erred by proceeding to trial where Gadson did not file a financial disclosure statement as required by the Revised Code and the domestic relations court's order and rules. In the second assignment of error, Scott alleges the trial court abused its discretion by denying her motion for new trial. In the third assignment of error, Scott alleges the trial court abused its discretion by denying her motion for relief from judgment. In her fourth assignment of error, she alleges the trial court erred by finding the condominium to be marital property and ordering its sale.

## THE TRIAL COURT DID NOT ERR BY PROCEEDING TO TRIAL WHERE A PARTY DID NOT FILE A FINANCIAL DISCLOSURE STATEMENT

{¶ 12} Scott's first assignment of error reads:

The trial court erred when it violated its own mandatory disclose order which mandated that the parties provide all discovery to the other side and specifically mandated that the parties file a financial disclosure statement within thirty days and ignored its own local rules of court specifically Local Rule 12(A)(2), which mandated that a financial disclosure statement must be filed no later than fourteen days prior to trial and violated R.C. 3105.171(E)(3) which states that the court shall require each spouse to disclose in a full and complete manner all

marital property, separate property, and other assets, debt, income, and expenses.

{¶ 13} Scott argues the domestic relations court erred as a matter of law because it proceeded to trial without having Gadson file a financial disclosure statement in violation of R.C. 3105.171(E)(3), Cuyahoga C.P., Dom.Rel.Div., Loc.R. 12, and its own order issued to the parties to file a financial disclosure statement.

{¶ 14} R.C. 3105.171(E)(3) requires that parties in divorce proceedings disclose "all marital property, separate property, and other assets, debts, income, and expenses of the spouse." R.C. 3105.171(E)(3) does not mandate the manner of how the disclosure is to be made. Where a party fails to disclose property and assets under the statute however, R.C. 3105.17(E)(5) allows the court, in its discretion, to "compensate the offended spouse with a distributive award or with a greater award of marital property not to exceed three times the value of the marital property, separate property, or other assets, debts, income, or expenses that are not disclosed by the other spouse." Similarly, Cuyahoga C.P., Dom.Rel.Div., Loc.R. 14 requires parties to provide financial information and to complete a financial disclosure statement pursuant to Cuyahoga C.P., Dom.Rel.Div., Loc.R. 12. A party's failure to provide a financial disclosure statement "may result in sanctions, including, but not limited to the following: a finding of contempt, award or attorney fees, dismissal of claims; and restrictions upon the submission of evidence." Cuyahoga C.P., Dom.Rel.Div., Loc.R. 14.

{¶ 15} In this case, the parties proceeded pro se. Pro se litigants are presumed to have knowledge of the law and procedure and, as such, are held to the same standards as those litigants who are represented by counsel. *In re Application for Black Ford Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22. Prior to trial, the docket reflects neither Scott nor Gadson filed a motion for, or a motion to compel, discovery. At trial, the court questioned both Gadson and Scott as to their property and assets, including specific questions regarding personal property obtained during the marriage, real estate holdings, vehicle titles, bank accounts, and retirement savings or pensions. The trial court further inquired of both parties if there was any other property they believed should be divided.

{¶ 16} Scott argues the trial court committed an abuse of discretion because it committed an error of law by proceeding to trial without Gadson filing a financial disclosure statement. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Trial "courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 39.

{¶ 17} In *O'Neal v. O'Neal*, 2022-Ohio-372, ¶ 26-31 (8th Dist.), this court found that the domestic relations court did not abuse its discretion in proceeding to trial where the parties did not comply with Cuyahoga C.P., Dom.Rel.Div., Loc.R. 14. Nor do we find that the domestic relations court committed an error of law in this case by proceeding to trial. R.C. 3105.171 mandates financial disclosures to be made

and provides for sanctions for the failure to do so. Cuyahoga C.P., Dom.Rel.Div., Loc.R. 14 provides for sanctions against parties for failing to file a financial disclosure. Significantly, neither the statute nor local rule prohibit the trial court from proceeding to trial in the absence of disclosure. Accordingly, we cannot say that the trial court committed an error of law by proceeding to trial in the absence of Gadson's financial disclosure statement.

{¶ 18} The first assignment of error is overruled.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY DENYING SCOTT'S MOTION FOR NEW TRIAL

{¶ 19} Scott's second assignment of error reads:

The trial court erred and abused its discretion when it denied Appellant's motion for new trial when it was clear to the trial court that Appellee not only did not disclose his assets but he intentionally misled the court by omitting facts and intentionally misrepresenting the true nature of his finances. The trial court was made aware of Appellee's misrepresentations as information was presented to the trial court which ignored the information obtained evidencing Appellee's misconduct and nondisclosure and as a result of the evidence and documents obtained by appellant through multiple subpoenas.

{¶ 20} After trial, counsel appeared on Scott's behalf, issued subpoenas, and filed a motion for new trial pursuant to Civ.R. 59. In support of the motion, counsel attached documents received from the subpoenas sent after trial. Civ.R. 59(A)(8) states that a new trial may be granted if the moving party presents "[n]ewly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial[.]" This court has further held that the new evidence "'must be such as could not in the exercise of due

diligence have been discovered before the trial.'" *Walpole v. Walpole*, 2013-Ohio-3529, ¶ 90 (8th Dist.), quoting *Sheen v. Kubiac*, 131 Ohio St. 52 (1936), paragraph three of the syllabus.  The court's decision to grant or deny a motion for new trial is within its sound discretion.  *Id.* at ¶ 91.

{¶ 21}  Scott first argues that because the domestic relations court committed an error of law by proceeding to trial, the motion for new trial should have been granted.  In resolving Scott's first assignment of error, we determined there was no error of law.  As such, we review the denial of the motion for new trial to determine if it was  unreasonable, arbitrary, or unconscionable.

{¶ 22}  The motion for new trial alleged that Gadson committed misconduct and supported this claim by attaching "new" evidence.  However, Scott did not request discovery before trial, nor did she seek to obtain more information during trial.  As demonstrated by Scott's counsel in the weeks after trial, the "new" evidence in support of the motion for new trial was readily obtainable through reasonable means and diligence.  Accordingly, we cannot say the trial court abused its discretion by denying the motion for new trial where the motion was based on evidence that could reasonably have been obtained before, or even during, trial.  Moreover, because Scott failed to seek discovery before trial, "[u]nder the invited error doctrine, a party may not take advantage of an alleged error that the party induced or invited the trial court to make." *Yuse v. Yuse*, 2007-Ohio-6198, ¶ 14 (8th Dist.)

{¶ 23}  The second assignment of error is overruled.

**THIS COURT IS WITHOUT JURISDICTION TO REVIEW THE DENIAL OF THE MOTION FOR RELIEF FROM JUDGMENT WHERE NO NOTICE OF APPEAL WAS FILED FROM THE JUDGMENT**

{¶ 24} Scott's third assignment of error reads:

The trial court erred and abused its discretion when it denied Appellant's motion for relief from judgment when it was clear to the trial court that Appellee not only did not disclose his assets but he intentionally misled the court by omitting facts and intentionally misrepresenting the true nature of his finances. The trial court was made aware of Appellee's misrepresentations as additional information was presented to the trial court which ignored the information obtained evidencing Appellee's misconduct and nondisclosure and as a result of the evidence and documents obtained by Appellant through additional subpoenas.

{¶ 25} On March 19, 2024, Scott's counsel filed a notice of appeal of the divorce decree and the domestic relations court's denial of the motion for new trial. On that same day, counsel also filed a motion for relief from judgment in the domestic relations court and a motion for remand in this court. On March 25, 2024, this court granted Scott's motion for remand. When a case is remanded for the purpose of obtaining a ruling on a motion for relief from judgment, Loc.App.R. 4(C) provides that "[t]o appeal the ruling on the motion for relief from judgment, a party must file a notice of appeal from that ruling." Further, when granting Scott's motion for remand, we stated that "[i]n order to appeal the trial court's ruling on the motion for relief from judgment, the party must file a separate notice of appeal from the order and may request the matter to be consolidated with the instant appeal. See, Loc. App.R. 4(C) and (D)."

{¶ 26} The trial court denied the motion for relief from judgment and the clerk of courts returned the record. Subsequently, Scott neither filed a new notice of appeal nor sought to amend her original notice of appeal to include the entry denying her Civ.R. 60(B) motion. As such, we are without jurisdiction to review the judgment denying the Civ.R. 60(B) motion. *See* App.R. 4.

{¶ 27} The third assignment of error is overruled.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION WHEN IT DETERMINED THAT THE CONDOMINIUM WAS MARITAL PROPERTY

{¶ 28} Scott's fourth assignment of error reads:

The trial court erred and abused its discretion when it determined that appellant's non-marital condominium was marital and ordered it sold and the proceeds equally divided. The trial court ignored the testimony presented at trial as well as all of the documents presented to the trial court in the motions and pleadings submitted to the court post decree.

{¶ 29} Scott argues that the trial court ignored testimony at trial regarding the condominium in determining the condominium was marital property. However, Scott's testimony as to the purchase and ownership of the condominium was inconsistent. Scott first testified that she "purchased the condominium." Scott then testified that her daughter purchased the condominium using a college fund. Scott later testified that she purchased it, stopped herself, and then said her daughter purchased it.

{¶ 30} "In a divorce proceeding, the trial judge is the 'trier of the facts of the case, the determiner of the credibility of each witness and the weight to be given to

the testimony of each, and above all, is the person who saw and heard the witnesses throughout the long period of [the] trial.'" *Hildebrand v. Hildebrand*, 2011-Ohio-5845, ¶ 18 (8th Dist.), quoting *Weinstein v. Weinstein*, 185 N.E.2d 56, 58 (8th Dist. 1962). Given the inconsistent testimony regarding the purchase of the condominium, we cannot say the trial court's decision to find it to be marital property to be unreasonable, arbitrary, or unconscionable. Further, for the reasons set forth in our resolution of Scott's second assignment of error, we do not find the trial court abused its discretion by not considering the "new" evidence offered after trial was complete and a divorce decree issued.

{¶ 31} The fourth assignment of error is overruled.

### CONCLUSION

{¶ 32} We affirm the judgment of the trial court. The domestic relations court did not commit an error of law by proceeding to trial where Gadson had not filed a financial disclosure statement, Scott did not seek discovery prior to trial, and Gadson was questioned by the trial court as to relevant information in the financial disclosure statement. The domestic relations court did not abuse its discretion by denying Scott's motion for new trial where that motion was based on evidence that could have been reasonably obtained before trial. Further, this court does not have jurisdiction to review the trial court's denial of the motion for relief from judgment where no notice of appeal was taken of that judgment. Finally, the trial court's resolution of the evidence at trial to determine whether the condominium was marital property was not unreasonable, arbitrary, or capricious.

**{¶ 33}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)