[Cite as *In re C.R.*, 2025-Ohio-557.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: C.R.

:       APPEAL NO.   C-240347
         TRIAL NO.    F/20/186 Z

:

:             *O P I N I O N*

:

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 21, 2025

*James J. Whitfield*, for Appellant Father,

*Berry & Karl LLC* and *B. Bradley Berry*, for Petitioners-Appellees.

**ZAYAS, Presiding Judge.**

{¶1} Appellant-father appeals from the judgment of the Hamilton County Juvenile Court awarding custody of C.R. to petitioners-appellees ("petitioners"). Father raises two assignments of error for this court's review, challenging the juvenile court's finding that custody to him would be detrimental to C.R., and challenging the juvenile court's award of parenting time. However, we decline to address the assignments of error as, after a review of the record, we hold that it cannot be determined whether the juvenile court conducted the requisite independent review of the magistrate's decision upon father's objection below. Accordingly, we must reverse the judgment of the juvenile court and remand the cause for the juvenile court to conduct a proper review of father's objection under Juv.R. 40(D)(4)(d).

## I. *Factual and Procedural History*

{¶2} This matter previously came before this court in *In re C.R.*, 2022-Ohio-3540 (1st Dist.). In that case, the juvenile court granted legal custody of C.R. to petitioners after finding that father had abandoned C.R. *Id.* at ¶ 5-6. This court ultimately reversed the juvenile court's finding of abandonment, and reversed the accompanying "premature" finding that custody to father would be detrimental to C.R. *See id.* at ¶ 23. Accordingly, the cause was remanded for reconsideration of whether custody to father would be detrimental to C.R. under *In re Perales*, 52 Ohio St.2d 89 (1977).

{¶3} On remand, the matter proceeded to trial wherein mother, father, and both petitioners testified. The magistrate ultimately entered a decision ordering that C.R. be placed in the legal custody of petitioners and providing father with weekly parenting time. In doing so, the magistrate found, "While the court does believe that father loves the child, [the] court finds that it would be detrimental to child to be in

father's legal custody."

**{¶4}** Father filed an objection to the magistrate's decision, in which he argued that the magistrate made numerous factual findings that had little to do with his ability to parent C.R. and made a finding of detriment that "wholly failed to rise to the level of detriment necessary to find [him] unsuitable under Ohio law."

**{¶5}** After oral arguments from the parties, the juvenile court overruled father's objection and approved and adopted the magistrate's decision. In doing so, the juvenile court said, "Father's sole objection rests on the allegation" that the magistrate failed to find him unsuitable. The juvenile court then proceeded to point out the magistrate's factual findings pertaining to unsuitability and pointed out that the magistrate expressly made findings that the *Perales* factors were met as to both parents. The juvenile court then said, "In light of the magistrate's analysis, their consideration of the appropriate statutory factors, the Court cannot find the decision is against the manifest weight of the evidence or find any abuse of discretion in the Magistrate's custody determination." However, the court then also said, "Based on an independent review of the record, the evidence presented, and the arguments submitted to the Court, the Court finds that the Magistrate properly determined the factual issues and appropriately applied the law."

## II. Analysis

**{¶6}** Under Juv.R. 40(D)(4)(d), upon an objection to the magistrate's decision, the juvenile court must "undertake an independent review as to the objected matter[] to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." In doing so, the juvenile court "must review the facts and determine the issues de novo." *In re E.J.*, 2024-Ohio-2421, ¶ 18 (1st Dist.), citing *In re Y.H.*, 2023-Ohio-2272, ¶ 32 (1st Dist.). Accordingly, "juvenile courts may

3

not defer to the magistrate." *Id.*, citing *In re J.P.*, 2016-Ohio-7574, ¶ 21 (10th Dist.).

**{¶7}** "This court presumes that the juvenile court complied with Juv.R. 40(D)(4)(d) when the record demonstrates that the juvenile court independently reviewed the evidence, acknowledged the applicable statutes, and reached its conclusions based on [the applicable burden of proof]." *Id.* at ¶ 19, citing *In re A.M.*, 2020-Ohio-5102, ¶ 40.

**{¶8}** "But a juvenile court reviewing a magistrate's decision for an abuse of discretion constitutes error." *Id.* at ¶ 20, citing *Jones v. Smith*, 2010-Ohio-131 (4th Dist.). "Magistrates are not independent officers of the court; rather, they are subordinate officers of the trial court." *Id.*, citing *J.P.* at ¶ 21. "As such, juvenile courts should not presume a magistrate's decision's validity." *Id.*, citing *Jones* at ¶ 13. In other words, a juvenile court cannot apply an appellate standard of review and must conduct its analysis without deference to the magistrate's decision. *See id.* at ¶ 21-22.

**{¶9}** When an appellate court cannot affirmatively determine that the juvenile court conducted an independent review of the magistrate's decision, the judgment must be reversed and remanded for the juvenile court to apply the correct standard on objections. *See E.J.*, 2024-Ohio-2421, at ¶ 22 (1st Dist.), citing *J.P.*, 2016-Ohio-7574, at ¶ 31-33 (10th Dist.); *accord In re C.C.*, 2024-Ohio-5012, ¶ 2, 5-13 (1st Dist.); *In re A.C.1*, 2024-Ohio-5185, ¶ 14-16 (1st Dist.).

**{¶10}** Here, the juvenile court's entry states that the court did not "rewrite" a separate analysis from the magistrate's decision as the magistrate "appropriately considered and weighed the necessary factors." Instead, the juvenile court provided only a "supplement" to the magistrate's decision to address father's objection.

**{¶11}** In its "supplement" to the magistrate's decision, the juvenile court outlined the findings of the magistrate that go toward suitability, and then said, "In

light of the Magistrate's analysis, [and] their consideration of the appropriate statutory factors, this court cannot find the decision is against the manifest weight of the evidence or find any abuse of discretion in the magistrate's custody determination."

**{¶12}** Thus, the juvenile court applied a manifest-weight and abuse-of-discretion standard of review when considering father's objection to the magistrate's decision. This is improper under Juv.R. 40(D)(4)(d).

**{¶13}** We note that the juvenile court did add a "boiler-plate recitation of the correct standard" at the end of its analysis. *See E.J.*, 2024-Ohio-2421, at ¶ 25 (1st Dist.). However, this court must "consider the totality of the order, rather than a sentence in isolation[.]" *In re A.C.1*, 2024-Ohio-5185, at ¶ 14 (1st Dist.).

**{¶14}** When reviewing the substance of the juvenile court's analysis pertaining to father's objection, only a manifest-weight and abuse-of-discretion standard is revealed. This is particularly concerning given that father's objection raised only a legal question as to the level of detriment necessary to find him unsuitable under Ohio law, an issue which is certainly not considered under a deferential standard of review. Yet, there was no discussion from the juvenile court as to the correct standard under Ohio law for making such a finding, nor any discussion as to why the magistrate's findings were sufficient for such a finding under Ohio law.

**{¶15}** Had the juvenile court included such a discussion in its analysis, this court may have been convinced that the court conducted the requisite independent review, despite mention of the improper standards. However, the only substantive discussion from the juvenile court wholly deferred to the magistrate's decision. Unfortunately, this causes this court to doubt whether the juvenile court conducted the proper independent review of the legal question before it upon father's objection.

**{¶16}** Consequently, we must hold that we cannot affirmatively determine

whether the juvenile court conducted the requisite independent review of the magistrate's decision. Therefore, we must reverse the judgment of the juvenile court.

### III.    Conclusion

{¶17} We reverse the judgment of the juvenile court and remand the cause for the juvenile court to conduct a proper review of father's objection under Juv.R. 40(D)(4)(d). Our reversal renders the assignments of error moot, and we therefore decline to address them. *See In re C.C.*, 2024-Ohio-5012, at ¶ 13 (1st Dist.).

Judgment accordingly.

CROUSE and BOCK, JJ., concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.