[Cite as *Kitzberger v. Kitzberger*, 2025-Ohio-1721.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| AMANDA MARIE KITZBERGER, | : | APPEAL NO.  C-240264 |
| | | TRIAL NO.  DR-1801607 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| RUSSELL LADDIE KITZBERGER, | : | |
| Defendant-Appellant. | : | |


This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is reversed and the cause is remanded for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 5/14/2025 per order of the court.**


**By:**_____

      **Administrative Judge**

[Cite as *Kitzberger v. Kitzberger*, 2025-Ohio-1721.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| AMANDA MARIE KITZBERGER, | : | APPEAL NO. C-240264 |
| | | TRIAL NO. DR-1801607 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| RUSSELL LADDIE KITZBERGER, | : | |
| Defendant-Appellant. | : | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 14, 2025

*Stagnaro Hannigan Koop Co., LPA*, and *Michaela M. Stagnaro*, for Plaintiff-Appellee,

*Tibbs Law Office, LLC*, and *Sarah E. Michel*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

**{¶1}** Defendant-appellant Russell Kitzberger ("father") appeals from the judgment of the Hamilton County Court of Common Pleas, Domestic Relations Division, reducing the child-support obligation of plaintiff-appellee Amanda Kitzberger ("mother") to $0. For the reasons that follow, we reverse the judgment of the trial court and remand the cause for the trial court to properly determine child support under R.C. 3119.04.

## I.    *Factual and Procedural History*

**{¶2}** The parties were divorced in 2019. At that time, mother was ordered to pay father $3,309 a month for spousal support for 42 consecutive months, effective May 1, 2019, and $1,490.19 per month—plus the processing fee—for child support for the parties' two children, for which a separate decree of shared parenting was issued. In the decree of shared parenting, the parties were ordered—among other things—to equally split the costs associated with the children's extracurricular activities.

**{¶3}** In February 2023, father filed a motion to modify child support. The motion asserted, "The spousal support award has now terminated by order and [father] would like child support to be modified consistent with [mother]'s income, not accounting for the deduction of spousal support to [sic] which was factored into the original calculation." Father later filed an additional motion to modify the allocation of expenses for the children's extracurricular activities.

**{¶4}** The matters proceeded to trial in front of a magistrate in October 2023. At the hearing, father and mother each testified and provided numerous exhibits. In December 2023, the magistrate entered an order reducing the child-support order to $0 but ordering that the costs of extracurricular activities be born solely by mother. In doing so, the magistrate first found that father was voluntarily underemployed or

unemployed and therefore imputed potential income to father for purposes of calculating his annual income. The magistrate then found that a downward deviation for the full amount of support owed by mother was warranted under R.C. 3119.231.

**{¶5}** Father objected to the magistrate's decision, arguing that the magistrate's decision to award the downward deviation was an abuse of discretion. Among other things, father argued that (1) a full deviation was not proper under R.C. 3119.231 and (2) the magistrate was required to determine the child support by considering the needs and the standard of living of the children and the parents under R.C. 3119.04.

**{¶6}** In April 2024, the trial court entered an order overruling father's objection and adopting the decision of the magistrate as the judgment of the court. The entry stated, "Upon a careful and independent analysis of the record herein, including the transcript, the Court finds that the Magistrate's Decision is supported by competent and credible evidence."[1]

**{¶7}** Father has appealed, raising a single assignment of error related to the court's downward-deviation award. Father does not challenge the trial court's imputed-income determination.

## II. Standard of Review

**{¶8}** This court "will not disturb a trial court's decision regarding child support absent an abuse of discretion." *Bohannon v. Lewis*, 2022-Ohio-2398, ¶ 39 (1st Dist.), citing *Rummelhoff v. Rummelhoff*, 2022-Ohio-1224, ¶ 18 (1st Dist.). "An abuse of discretion occurs when a court exercises its judgment, in an unwarranted way,

---

[1] Although the phrase "competent, credible evidence" is generally associated with appellate standards of review, we interpret this language, as a whole, to indicate a concurrence with the magistrate's decision after an independent review, not deference to the magistrate's decision. *See generally* Civ.R. 53(D)(4)(d); *compare In re C.R.*, 2025-Ohio-557, ¶ 8 (1st Dist.) (applying the analogous Juv.R. 40(D)(4)(d)).

in regard to a matter over which it has discretionary authority." (Cleaned up.) *Mallory v. Mallory*, 2024-Ohio-5458, ¶ 13 (1st Dist.), citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 39. However, "[t]rial 'courts lack discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule.'" *Gadson v. Scott*, 2025-Ohio-7, ¶ 16 (8th Dist.), citing *Johnson* at ¶ 39.

### III. Statutory Background for Calculating Child Support

### A. Standard Calculation of Child Support

**{¶9}** In any action in which a court child-support order is issued or modified, the court "shall calculate the amount of the parents' child support . . . in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of Chapter 3119. Of the Revised Code." R.C. 3119.02. The court "shall specify the support obligation as a monthly amount due and shall order the support obligation to be paid in periodic increments as it determines to be in the best interest of the children." *Id.*

**{¶10}** A court calculating the amount to be paid under a child-support order is required to "reduce by ten per cent the amount of the annual individual support obligation for the parent or parents when a court has issued . . . a court-ordered parenting time order that equals or exceeds ninety overnights per year." R.C. 3119.051(A). "This reduction may be in addition to the other deviations and reductions." *Id.*

**{¶11}** Further,

[a] court that issues a shared parenting order in accordance with section 3109.04 of the Revised Code shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet, except that, if

that amount would be unjust or inappropriate to the children or either parent and therefore not in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code, the court may deviate from that amount.

R.C. 3119.24(A)(1).

The court shall consider extraordinary circumstances and other factors or criteria if it deviates from the amount described in division (A)(1) of [R.C. 3119.24] and shall enter in the journal the amount described in division (A)(1) of [R.C. 3119.24] [and] its determination that the amount would be unjust or inappropriate and therefore not in the best interest of the child, and findings of fact supporting its determination.

R.C. 3119.24(A)(2).

{¶12} For purposes of R.C. 3119.24, "'extraordinary circumstances of the parents' includes . . . the ability of each parent to maintain adequate housing for the children . . . , [e]ach parent's expenses, . . . [and] any . . . circumstances the court considers relevant." R.C. 3119.24(B)(3).

{¶13} Beyond that, the court

may order an amount of child support that deviates from the amount of support that would otherwise result from the use of the basic child support schedule and the applicable worksheet if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the appliable

6

worksheet would be unjust or inappropriate and therefore not be in the best interest of the child.

R.C. 3119.22.

If the court deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, its determination that the amount would be unjust or inappropriate and therefore not in the best interest of the child, and findings of fact supporting that determination.

R.C. 3119.22.

**{¶14}** The factors and criteria set forth in R.C. 3119.23 to be considered by the court when determining whether to grant a deviation include—among other things—(1) extended parenting time or extraordinary costs associated with parenting time, (2) the relative financial resources, including the disparity in income between the parties or households, other assets, and the needs of each parent, (3) the obligee's income, (4) benefits that either parent receives from sharing living expenses with another person, (5) significant in-kind contributions from a parent, (6) the standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married, and (7) any other relevant factor.

**{¶15}** "If court-ordered parenting time exceeds ninety overnights per year, the court shall consider whether to grant a deviation pursuant to section 3119.22 of the Revised Code for" reasons related to parenting time or extraordinary costs associated with parenting time under R.C. 3119.23(C). R.C. 3119.231(A). "This deviation is in addition to any adjustments provided under Division (A) of section 3119.051 of the Revised Code." *Id.* Further, "[i]f the court-ordered parenting time is equal to or

7

exceeds one hundred forty-seven overnights per year, and the court does not grant a deviation under division (A) of this section, it shall specify in the order the facts that are the basis for the court's decision." R.C. 3119.231(B).

{¶16} The court "in its discretion and in appropriate circumstances, may . . . issue an order not requiring the obligor to pay any child support amount." R.C. 3119.06. "The circumstances under which a court . . . may issue such an order include . . . any . . . circumstances considered appropriate by the court . . . ." *Id.*

### B. *Calculation of Child Support When Combined Annual Income Exceeds Maximum Listed on Basic Child Support Schedule*

{¶17} Under R.C. 3119.04,

If the combined annual income of both parents is greater than the maximum annual income listed on the basic child support schedule established pursuant to section 3119.021 of the Revised Code, the court, with respect to a court child support order . . . , shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order *and of the parents.*"

(Emphasis added.)

{¶18} In such a case,

[t]he court . . . shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined annual income equal to the maximum annual income listed on the basic child support schedule established pursuant to section 3119.021 of the Revised Code, *unless the court . . . determines*

8

*that it would be unjust or inappropriate and therefore not in the best*

*interest of the child, obligor, or obligee to order that amount.*

(Emphasis added.) R.C. 3119.04. "If the court makes such a determination, it shall enter in the journal the figure, determination, and findings." *Id.*

### IV. *Law and Analysis*

**{¶19}** The maximum annual income listed in the basic child-support schedule under R.C. 3119.021 is $336,467.04. *See* R.C. 3119.021(B)(1). The magistrate calculated the parties' combined gross income to be $349,144. This determination has not been disputed. Thus, in this case, the combined annual income of both parents is greater than the maximum annual income listed on the basic child-support schedule established pursuant to R.C. 3119.021. Therefore, R.C. 3119.04 is applicable in this case.

**{¶20}** Consequently, the trial court was required to calculate a case-specific amount of child support considering the needs and the standard of living of the children and of the parents. *See* R.C. 3119.04. In doing so, the court was required to order an amount that is no less than the obligation that would have been computed under the basic child-support schedule and applicable worksheet for a combined annual income equal to the maximum annual income listed on the basic child-support schedule, unless the court determined that it would be unjust or inappropriate and therefore not in the best interest of the child, obligor, or obligee to order that amount. *See id.*

**{¶21}** Rather than do so, the trial court appears to have calculated mother's support obligation utilizing the standard worksheet and R.C. 3119.231. There is no mention of R.C. 3119.04 anywhere in the trial court's order.

**{¶22}** Father argues that the trial court "clearly" abused its discretion by

"incorrectly apply[ing] the standards set forth in the case law and fail[ing] to take into account the children's needs and standard of living they were accustomed to during the marriage as well as in both households after the parties['] separation." In support of his argument, he points to *V.C. v O.C.*, 2021-Ohio-1491 (8th Dist.), and *In re J.C.*, 2021-Ohio-2451 (8th Dist.).

**{¶23}** In *V.C.*, the court held that the trial court abused its discretion in applying R.C. 3119.02 and the standard child-support guidelines, rather than R.C. 3119.04, when determining the father's child-support obligation where the parents' combined annual income exceeded the maximum annual income listed on the basic child-support schedule established pursuant to R.C. 3119.021. *V.C.* at ¶ 74-83. Of note, the court said "the trial court made no mention of R.C. 3119.04 and there is nothing [in the entry] to otherwise suggest that the trial court considered the needs and the standard of living of the children and the parents in determining the amount of father's child support obligation in this case." *Id.* at ¶ 80. Consequently, the court found it "evident from the face of the trial court's . . . final judgment entry," that the trial court applied the wrong legal standard. *Id.* at ¶ 82. Therefore, the court reversed the trial court's judgment and remanded the cause for the trial court to determine father's child-support obligation in accordance with R.C. 3119.04. *Id.*

**{¶24}** In *J.C.*, the court held that the trial court abused its discretion in failing to impose a child-support obligation on either parent based on equal parenting time where the trial court failed to make the requisite findings under R.C. 3119.04 that child support would be unjust or inappropriate. *J.C.* at ¶ 14-21.

**{¶25}** Similarly, in *Siebert v. Taverez*, 2007-Ohio-2643 (8th Dist.), the court held that the trial court erred by adopting the magistrate's decision where the magistrate analyzed the request for a modification of child support under R.C. 3119.22

10

and 3119.23 rather than R.C. 3119.04. *Id.* at ¶ 27, 45-46.

**{¶26}** Further, this court has stated that "the failure to consider the needs and the standard of living of the children who are the subject of the child support order and the parents [under R.C. 3119.04] constitutes an abuse of discretion." (Cleaned up.) *See Krasik v. Newstate*, 2022-Ohio-1775, ¶ 18 (1st Dist.), citing *Strimbu v. Strimbu*, 2011-Ohio-3629, ¶ 14 (11th Dist.).

**{¶27}** Here, the parties' combined annual income is greater than the maximum annual income listed on the basic child-support schedule, yet there is no indication in the trial court's entry that it conducted an analysis under R.C. 3119.04.[2] Rather, the court entered its order based on R.C. 3119.231 and the equal parenting time between the parties. Thus, just like in *V.C.*, it is evident on the face of the trial court's order that it applied the wrong legal standard when making its child-support determination. Consequently, we hold that the trial court abused its discretion in entering the child-support order.

**{¶28}** Further, even going beyond the trial court's failure to conduct an analysis under R.C. 3119.04, R.C. 3119.231 only permits a deviation pursuant to R.C. 3119.22 "for the reasons set forth in division (C) of R.C. 3119.23 of the Revised Code." *See* R.C. 3119.231(A). The reasons set forth in R.C. 3119.23(C) are "[e]xtended parenting time or extraordinary costs associated with parenting time, including extraordinary travel expenses when exchanging the child or children for parenting time." The trial court did consider R.C. 3119.23(C) when making its determination, finding that mother exercised parenting-time in an amount equal to or in excess of

---

[2] One of the factors in R.C. 3119.23, factor (K), does pertain to the standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued, which overlaps to a certain extent with the requisite considerations under R.C. 3119.04. However, there is nothing in the magistrate's entry to indicate that the court made findings under this factor. The court only cites to factors (C), (E), (F), and (G).

father. However, the court went well beyond this factor and made substantial findings under R.C. 3119.23(E), (F), and (G) when granting the deviation under R.C. 3119.231.

{¶29} The court's order provides that the full deviation is granted based on parenting time that exceeds 147 overnights under R.C. 3119.231(B) and "express consideration of the factors outlined under R.C. 3119.23, particularly factors (C), (E), (F), and (G)." The court deemed this deviation "to be in the best interest of the children common to the parties." The worksheet attached to the court's entry reflects that the full deviation was granted under R.C. 3119.231.

{¶30} However, based on the statutory language, the court must have also made the requisite findings under either R.C. 3119.22 or 3119.24 in order to consider factors beyond R.C. 3119.23(C) when granting the deviation. Under R.C. 3119.22, the court was required to find that the standard child-support amount would be unjust or inappropriate and therefore not in the best interest of the children in order to grant a deviation. Under R.C. 3119.24, the court was required to find that the standard child-support amount would be unjust or inappropriate to the children *or either parent* and therefore not in the best interest of the children in order to grant a deviation. Of note, to grant a deviation under either section, the court must have entered into the journal a determination "that the amount would be unjust or inappropriate and therefore not in the best interest of child, *and findings of fact supporting [the] determination.*" (Emphasis added.) *See* R.C. 3119.22(B) and 3119.24(A)(2).

{¶31} In reviewing the magistrate's decision, which was adopted by the trial court, the magistrate only made a determination that mother's obligation for *cash medical support* would be "unjust, inappropriate and not in the best interest of the child(ren)." The court did not expressly make any finding that the child-support amount would be unjust or inappropriate under either R.C. 3119.22 or 3119.24. While

the court's consideration of the R.C. 3119.23 factors may serve as a sufficient basis for the requisite findings under either section, the court did not actually enter a determination connecting the factors to either section that would permit a deviation based on those factors.

**{¶32}** "A court-ordered deviation from the schedule and worksheet is not permitted absent full and strict compliance with the statutory requirements." *Rummelhoff v. Rummelhoff*, 2020-Ohio-2928, ¶ 33 (1st Dist.), citing *Rock v. Cabral*, 67 Ohio St.3d 108, 110 (1993), and *Marker v. Grimm*, 65 Ohio St.3d 139, 141-142 (1992); *see generally Ayers v. Ayers*, 2024-Ohio-1833, ¶ 12 ("The terms within the statutory scheme governing child-support orders are 'mandatory in nature and must be followed literally and technically in all material respects.'").

**{¶33}** Here, the trial court's entry indicates that the full deviation was granted under R.C. 3119.231. However, because the court considered factors beyond that which are permitted by this statute and also did not make any other requisite determination under R.C. 3119.22 or 3119.24, this court is unable to determine whether the deviation was appropriately granted given that it is unclear what factual basis the trial court relied on in granting any certain amount of the deviation. *See generally Mangen v. Mangen*, 2021-Ohio-3693, ¶ 27-31 (2d Dist.) (reversing and remanding a trial court's child-support determination where the trial court's entry was inconsistent and caused confusion as to whether the trial court granted the appropriate deviations under the correct statutes).

**{¶34}** Consequently, even going beyond the trial court's failure to conduct an analysis under R.C. 3119.04, it is unclear from the entry whether the trial court properly granted a deviation under R.C. 3119.231.

**{¶35}** Accordingly, for all the foregoing reasons, we sustain father's

assignment of error and reverse the judgment of the trial court.

## V.    *Conclusion*

{¶36} The judgment of the trial court is reversed, and the cause is remanded for the trial court to properly determine child support under R.C. 3119.04.

Judgment reversed and cause remanded.

**NESTOR** and **MOORE, JJ.,** concur.